FILED
JAN - 4 2007
U.S. COURT OF FEDERAL CLAIMS

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES,

Plaintiff,

vs.

UNITED STATES OF AMERICA,

Defendant.

CIVIL NO. 07-6 T

COMPLAINT

COMES NOW the Plaintiff, Principal Life Insurance Company And Subsidiaries, formerly known as Principal Mutual Life Insurance Company, by and through its attorney, and for its complaint against the Defendant, the United States of America, respectfully alleges:

GENERAL ALLEGATIONS

1. This action is founded upon the Internal Revenue Code of 1986, Title 26, United States Code (hereinafter referred to as the "Internal Revenue Code"), and is brought by Plaintiff for the recovery of federal income taxes and interest erroneously and illegally assessed and collected by the Defendant. The jurisdiction of this Court is invoked under the provisions of Title 28, United States Code, Section 1491(a)(1).

2. Plaintiff is a corporation organized and existing under the laws of the State of Iowa, with its principal office located in Des Moines, Iowa. It is engaged, and at all times relevant to this action was engaged, in the business of writing various forms of individual and group life and health insurance and annuities. During the taxable years here involved, Plaintiff was known as Principal Mutual Life Insurance Company.

3. The Defendant is the United States of America.

4. At all times relevant to this action, Plaintiff was an insurance company and as such was subject to tax under the provisions of Subchapter L of the Internal Revenue Code. Plaintiff is and was at all times relevant to this action a calendar year taxpayer.

5. Except as hereinafter stated, no action on the portion of the claims for refund sued on herein has been taken by Congress or any agency of the United States. No other suit or process by Plaintiff is pending on such matter in any other court.

6. Plaintiff is the sole owner of the claims for refund referred to herein and has neither made nor received any assignment thereof.

7. More than six months have elapsed since the filing of the claims for refund referred to herein and this action has been commenced within the extended

limiations period authorized by and agreed to pursuant to Section 6532(a)(2) of the Internal Revenue Code.

COUNT I

Tax Year: 1995

8. Plaintiff repleads and incorporates by reference Paragraphs 1 through 7, inclusive, of the General Allegations of this Complaint as if fully set forth herein.

9. Plaintiff timely filed its consolidated federal income tax return for the taxable year 1995 with the Internal Revenue Service Center at Kansas City, Missouri 64999, within the extended time allowed therefor. The name, address, and identification number appearing on said return were as follows:

Principal Mutual Life Insurance Company
711 High Street
Des Moines, Iowa 50309-0350
Identification Number: 42-0127290

10. Plaintiff's 1995 income tax return showed consolidated federal income tax liability for that year of $146,984,286. Plaintiff made payments to the Internal Revenue Service Center at Kansas City, Missouri, within the time periods prescribed by law, fully satisfying the amount of income tax liability shown on said return.

11. On or about February 7, 2001, Plaintiff filed with the Internal Revenue Service Center at Kansas City, Missouri 64999, a timely Amended Return/Claim for Refund of 1995 income taxes ("First 1995 Amended Return/Claim for Refund"), seeking refund of federal income taxes paid for 1995 in the amount of $6,635,127, plus interest allowable by law, as a result of a capital loss carryforward from 1994 to 1995. Such First 1995 Amended Return/Claim for Refund was thereafter allowed in full. The name, address, and identification number appearing on such First 1995 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
f/k/a Principal Mutual Life Insurance Company
711 High Street
Des Moines, Iowa 50309-0350
Identification Number: 42-0127290

12. On or about June 7, 2001, Plaintiff timely filed with the Internal Revenue Service Center at Kansas City, Missouri 64999, a second Amended Return/Claim for Refund of 1995 income taxes ("Second 1995 Amended Return/Claim for Refund"), seeking refund of federal income taxes paid for 1995 in the amount of $24,004,799, plus interest allowable by law. The name, address, and identification number appearing on such Second 1995 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
f/k/a Principal Mutual Life Insurance Company
711 High Street
Des Moines, Iowa 50309-0350
Identification Number: 42-0127290

A copy of the relevant portion of such Second 1995 Amended Return/Claim for Refund, including those schedules relevant to this action, is attached hereto as Exhibit A and by this reference is made a part hereof. The facts and grounds upon which this action is brought were incorporated within such Second 1995 Amended Return/Claim for Refund.

13. On or about September 16, 2003, Plaintiff received from the Internal Revenue Service a notice of partial disallowance of its Second 1995 Amended Return/Claim for Refund, which referred to a previous examination report dated April 7, 2003, which stated that while Plaintiff's First 1995 Amended Return/Claim for Refund had been allowed in full, only $27,502,200 of the aggregate amount sought in Plaintiff's First and Second 1995 Amended Returns/Claims for Refund had been allowed. The balance of Plaintiff's Second Amended Return/Claim for Refund was accordingly disallowed, including the portion thereof upon which this suit is brought. Copies of the relevant portions of such notice of partial disallowance and examination report are attached hereto as Exhibit B and by this reference are made part hereof.

14. The Internal Revenue service has failed and refused to allow the remainder of Plaintiff's Second 1995 Amended Return/Claim for Refund, including the portion thereof relating to the issue described in paragraph 16 below.

15. By virtue of the failure and refusal of the Internal Revenue Service to allow that portion of Plaintiff's Second 1995 Amended Return/Claim for Refund attributable to the issue referred to in paragraph 16 below, the Plaintiff has overpaid its federal income tax for the taxable year 1995 in the amount of $2,120,187, which amount, together with assessed interest paid thereon and overpayment interest as provided by law, is now due and owing to the Plaintiff by the Defendant.

16. Such overpayment of Plaintiff's federal income tax for the taxable year 1995 was due to the erroneous, improper and illegal assessment and collection by the Defendant of interest under Section 453A of the Internal Revenue Code on Plaintiff's recognized but unreported capital gain resulting from its sale in 1991 of installment obligations to its indirect subsidiary, Principal FC, Ltd., and to Defendant's failure and refusal to refund such amount upon examination of Plaintiff's Second 1995 Amended Return/Claim for Refund. Such Section 453A interest was the subject of this Court's decision filed on March 17,

2006, in *Principal Life Insurance Company v. U.S.*, No. 02-1278T, relating to the taxable years 1991-1994.

17. No part of the aforesaid $2,120,187 of 1995 federal income taxes overpaid by Plaintiff has been refunded to Plaintiff or to anyone for its account, and by virtue of the aforesaid, Defendant is now indebted to the Plaintiff for the said sum of $2,120,187 and for assessed interest paid thereon and for overpayment interest as provided by law.

COUNT II

<u>Tax Year: 1996</u>

18. Plaintiff repleads and incorporates by reference Paragraphs 1 through 7, inclusive, of the General Allegations of this Complaint as if fully set forth herein.

19. Plaintiff timely filed its consolidated federal income tax return for the taxable year 1996 with the Internal Revenue Service Center at Kansas City, Missouri 64999, within the extended time allowed therefor. The name, address, and identification number appearing on said return were as follows:

Principal Mutual Life Insurance Company
711 High Street
Des Moines, Iowa 50309-0350
Identification Number: 42-0127290

20. Plaintiff's 1996 income tax return showed consolidated federal income tax liability for that year of $242,273,525. Plaintiff made payments to the Internal Revenue Service Center at Kansas City, Missouri, within the time periods prescribed by law, fully satisfying the amount of income tax liability shown on said return.

21. On or about August 18, 2000, following an examination of Plaintiff's 1996 income tax return, Plaintiff was notified by the Internal Revenue Service that a deficiency existed in its 1996 income taxes paid in the amount of $4,045,017. Such alleged deficiency in 1996 income taxes, together with interest on such alleged deficiency in the amount of $1,384,678, for a total of $5,429,695, were paid by Plaintiff to the Internal Revenue Service on or about October 25, 2000.

22. On or about June 7, 2001, Plaintiff filed with the Internal Revenue Service Center at Kansas City, Missouri 64999, a timely Amended Return/Claim for Refund of 1996 income taxes, seeking refund of federal income taxes for 1996 in the amount of $30,351,882, plus interest allowable by law. The name, address, and identification number appearing on such Amended Return/Claim for Refund for 1996 were as follows:

Principal Life Insurance Company
f/k/a Principal Mutual Life Insurance Company
711 High Street

Des Moines, Iowa 50309-0350
Identification Number: 42-0127290

A copy of the relevant portion of such Amended Return/Claim for Refund, including those schedules relevant to this action, is attached hereto as Exhibit C and by this reference is made a part hereof. The facts and grounds upon which this action is brought were incorporated within such Amended Return/Claim for Refund.

23. On or about September 16, 2003, Plaintiff received from the Internal Revenue Service a notice of partial disallowance of such Amended Return/Claim for Refund, referring to a previous examination report dated April 7, 2003, which stated that only $28,035,140 of such Amended Return/Claim for Refund had been allowed. The balance of such Amended Return/Claim for refund was disallowed, including the portion thereof upon which this suit is brought. Copies of the relevant portions of such notice of disallowance and examination report are attached hereto as Exhibit B and by this reference are made part hereof.

24. The Internal Revenue Service has failed and refused to allow the remainder of Plaintiff's Claim for Refund for 1996, including the portion thereof relating to the issue described in paragraph 26 below.

25. By virtue of the failure and refusal of the Internal Revenue Service to allow that portion of Plaintiff's Claim for Refund for 1996 attributable to the issue referred to in paragraph 26 below, the Plaintiff has overpaid its federal income tax for the taxable year 1996 in the amount of $2,120,187, which amount, together with assessed interest paid thereon and overpayment interest as provided by law, is now due and owing to the Plaintiff by the Defendant.

26. Such overpayment of Plaintiff's federal income tax for the taxable year 1996 was due to the erroneous, improper, and illegal assessment and collection by the Defendant of interest under Section 453A of the Internal Revenue Code on Plaintiff's recognized but unreported capital gain resulting from its sale in 1991 of installment obligations to its indirect subsidiary, Principal FC, Ltd., and to Defendant's failure and refusal to refund such amount upon examination of Plaintiff's Amended Return/Claim for Refund for 1996. Such Section 453A interest was the subject of this Court's decision filed on March 17, 2006, in *Principal Life Insurance Company v. U.S.*, No. 02-1278T, relating to the taxable years 1991-1994.

27. No part of the aforesaid $2,120,187 of 1996 federal income taxes overpaid by Plaintiff has been refunded to Plaintiff or to anyone for its account, and by virtue of the aforesaid, Defendant is now indebted to the Plaintiff for the

said sum of $2,120,187 and for assessed interest paid thereon and for overpayment interest as provided by law.

WHEREFORE, Principal Life Insurance Company demands judgment against Defendant in the amount of $4,240,374, together with the assessed interest paid as referred to herein and overpayment interest as provided by law, and for the costs of this proceeding which are allowable, and for such other relief as the Court may decree.

Dated: Dec. 22, 2006

Bruce Graves
Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, PLC
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515/242-2400
Facsimile: 515/283-0231
Email: *graves@brownwinick.com*

ATTORNEY FOR PLAINTIFF,
PRINCIPAL LIFE INSURANCE
COMPANY

OF COUNSEL:
William C. Brown
John D. Schmidt