PRINCIPAL LIFE INSURANCE COMPANY
f/k/a Principal Mutual Life Insurance Company
711 High Street
Des Moines, IA 50392-0350

EIN 42-0127290

AMENDED RETURN - CLAIM FOR REFUND REVISED
Taxable Year 1995

As shown on Amended Return and supporting schedules attached, Taxpayer hereby makes claim for refund in connection with federal income taxes paid, plus statutory interest thereon as allowable by law.

The claim which is made as aforesaid, computed as follows:

| | | |
|---|---|---|
| Tax paid with or before filing of original return | 146,984,286.00 | |
| Less: Refund on 1995 tax audit | (14,244,430.00) | |
| Net Tax Paid | | 132,739,856.00 |
| Correct amount of tax, as computed per taxpayer Line 13, Consolidated Claim Form 1120PC | | 102,099,930.11 |
| PENDING CLAIM FOR REFUND #1 | | ($6,635,127.00) |
| TAX REFUND CLAIM REVISED | | ($24,004,798.89) |

S:\H035\FEDTAX\95-96\1995\CLAIM2\CONSOL\SUMMARY.WK4

PRINCIPAL LIFE INSURANCE COMPANY

TAX YEAR 1995
$2,120,187

CODE SEC. 453A - INTEREST ON DEFERRED TAX LIABILITY

Taxpayer claims refund based on removal of additional tax on the interest on a deferred tax liability on an installment sale under section 453A of the Code. Upon audit, the examining agent assessed additional tax attributable to the interest on the deferred tax liability on an installment sale. See RAR pages 54-57. For the reasons set forth below section 453A is inapplicable to this transaction and the additional tax related to that interest should be removed.

FACTS

On December 20, 1991, Principal Life Insurance Company (Principal Life) sold commercial mortgage loans to Prudential Insurance Company of America (Prudential) and deferred the gain realized under the installment sale provisions of Section 453. On December 23, 1991, Principal Life sold the installment notes to a wholly owned subsidiary, Principal FC, Ltd., triggering the deferred gains under section 453B. The examining agent proposed computing interest under Section 453A on the deferred tax liability arising from the installment sale of the commercial mortgage loans to Prudential on December 20, 1991 and assessed additional tax related to that interest. Principal Life disagrees with this adjustment and makes this claim for refund.

ANALYSIS

In the agent's notice of proposed adjustments, he stated that even though the installment obligation was sold in a deferred intercompany transaction, it remained an obligation subject to section 453A. Under IRC §453A(b), section 453A applies only to installment obligations that are outstanding at the close of a taxable year and only if all of such obligations exceed $5,000,000. It further provides that all members of the same controlled group are treated as one person for the purposes of determining whether section 453A applies. Under 453B, however, the disposition of the installment sale obligation to Principal FC, Ltd., precludes the application of 453A to this transaction.

Section 453B(a) provides that:

> If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and -

> (1) the amount realized, in the case of satisfaction other than face value or sale or exchange, or
>
> (2) the fair market value of the obligation at the time of distribution, transmission, or disposition, in the case of the distribution, transmission, or disposition otherwise than by sale or exchange.
>
> Any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received.

Under section 453B when Principal Life sold the installment obligation to Principal FC, Ltd., the deferred gain was triggered, Principal Life was no longer the owner of an installment obligation and Principal FC became the holder of a note receivable. Section 453A only applies to installment obligations. Since the obligation in the hands of Principal FC, Ltd., is a note receivable, the fact that Principal Life and Principal FC, Ltd., are treated as one person is irrelevant as the obligation is no longer one falling within the definition of an installment obligation to which section 453A applies.

The deferred gain which Principal Life would have recognized under section 453B continues to be deferred under Treasury regulation section 1.1502-13 as the sale to the subsidiary constitutes a deferred intercompany transaction and will be recognized as the payments are received by Principal FC, Ltd., from Prudential. Treasury regulation section 1.1502-13(e)(1) states:

> If an installment obligation (within the meaning of section 453(d)) is transferred in a deferred intercompany transaction, then on each date on which the obligation is satisfied the selling member shall take into account an amount equal to the deferred gain or loss on such transfer, multiplied by a fraction, the numerator of which is the portion of such obligation satisfied on such date, and the denominator of which is the aggregate unpaid installments immediately after the deferred intercompany transaction.

The examining agent cited to Treasury regulation section 1.1502-13(m)(3), example 2, item (iii), in support of the application of section 453A to this transaction. This example is not helpful in our situation, as it involves a different set of facts. In the example, a subsidiary sells property to its parent company which then sells the property to an unrelated third party in return for an installment obligation over $5 million, causing section 453A to be applied. In the transaction at issue, Principal Life received an installment obligation from a third party which it then sold to its subsidiary in a transaction in which gain would have been recognized but for the intercompany transaction rules, which cause the gain to continue to be deferred. In example 2, the sale is from the control group to an outside party whereas in this case the installment sale occurs between the outside party and Principal Life and the obligation is then sold by Principal Life to its subsidiary. Please explain why the result should differ.

That section 453A is inapplicable to the current situation is further shown by final regulations under section 1502, which were issued on July 12, 1995, to address the specific issue, in question. Under Treasury regulation section 1.1502-13(m), Example 6, section 453A is made applicable to

transactions such as the present situation occurring on or after July 12, 1995. The issuance of these regulations further amplifies that at the time of this transaction, section 453A was not applicable to the transaction and the examining agent's application of section 453A to the transaction is incorrect. If section 453A was applicable to the present situation in 1992 and 1993, there would have been no reason to issue the new regulations.

CONCLUSION

Neither section 453A nor then current Treasury regulation section 1.1502-13 provides any basis for applying the interest charge on the sale of installment obligations to Principal FC, Ltd. Section 453A contains a single employer rule designed to consolidate all qualified installment obligations held by consolidated members for purposes of the $5,000,000 threshold, but is inapplicable where the installment obligation has been sold and the gain triggered under section 453B. The intercompany transaction regulations in effect at that time provided for the restoration of gain from the intercompany sale of the installment obligations but provided only a limited application of section 453A in a factual situation not applicable to Principal Life. It wasn't until final regulations were issued under section 1502 that the application of section 453A was broadened to include the type of transaction Principal Life executed in 1991. These regulations, however, are generally effective for transactions occurring in tax years beginning on or after July 12, 1995. Because section 453A is clearly inapplicable to this transaction, Taxpayer hereby requests a refund of $2,120,187.00 for tax year 1995 based upon removal of the additional tax on the interest on the deferred tax on the installment sale under section 453A of the Code.

**Internal Revenue Service**
**Director Field Operations**

**Department of the Treasury**

**Taxpayer Identification Number:**
42-0127290
**Form:**
1120PC
**Document Locator Number:**

**Tax Period(s) Ended:**
199512; 1999612
**Amount Claimed:**
$30,640,627; $30,351,882
**Date Claim Received:**
February 7, 2001
**Person to Contact:**
Christine H. Heth
210 Walnut, Des Moines, IA 50309
**Telephone Number:**
(515) 284-4715
**Employee Identification Number**
39-01128
**Refer Reply to:**
LMSB:FS:1253:Stop 4129

**Date:** September 16, 2003

Principal Life Insurance Company formerly known as
Principal Mutual Life Insurance Company - Consolidated
711 High Street
Des Moines, IA 50392-0350

Dear Taxpayer,

We have allowed part of your claim for an adjustment to your tax for the period shown above. We are sorry, but we cannot allow the entire claim for the reason stated below. This letter is your legal notice that we have partially disallowed your claim.

If you wish to bring suit or proceedings for the recovery of any tax, penalties, or other moneys for which this disallowance notice is issued, you may do so by filing suit with the United States District Court having jurisdiction, or the United States Claims Court. The law permits you to do this within 2 years from the mailing date of this letter. However, if you signed a waiver of Statutory Notification of Claim Disallowance, Form 2297, the period for bringing suit began to run on the date you filed the waiver.

We have enclosed Publication 1, Your Rights as a Taxpayer, Publication 5, Your Appeal Rights and How to Prepare a Protest If You Don't Agree, and Publication 556, Examination of Returns, Appeal Rights, and Claims for Refund, for your information.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

If you have any questions, please contact the person whose name and telephone number are shown in the heading of this letter. Thank you for your cooperation.

Sincerely yours,

Patricia C. Chaback

Director Field Operations

Enclosures:
Publication 1
Publication 5
Publication 556

Reasons for partial disallowance:

☒ Explained in report of examination previously furnished you.

☐

| Substitute for Form 4549-A | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Return Form No. 1120 |
|---|---|---|

| | | |
|---|---|---|
| Name and Address of Taxpayer<br>PRINCIPAL LIFE INSURANCE COMPANY<br>F/K/A PRINCIPAL MUTUAL LIFE INS CO<br>711 HIGH STREET<br>DES MOINES IA 50392-0350 | S.S. or E.I. Number 42-0127290 | Filing Status Corporate |
| | Person With Whom Examination Changes Were Discussed | Name and Title<br>Sharon Maloy<br>Financial Accounting Analyst |

| 1. Adjustments to Income | Year: 199512 | Year: 199612 | Year: |
|---|---|---|---|
| A. Total Adjustments (See FORM 4549-B)<br>B.<br>C.<br>D.<br>E.<br>F.<br>G. | (74,435,317.00) | (425,324,343.00) | pages 5+40 |
| 2. Total Adjustments | (74,435,317.00) | (425,324,343.00) | |
| 3. ~~Adjusted Gross or~~ Taxable Income ~~Shown on Return or~~ as Previously Adjusted | 412,142,486.00 | 725,734,148.00 | page 3 |
| 4. Corrected ~~Adjusted Gross or~~ Taxable Income | 337,707,169.00 | 300,409,805.00 | |
| 5. Tax | 118,197,509.00 | 105,143,432.00 | pages 6+7 |
| 6. Alternative Tax, If Applicable | 0.00 | 0.00 | |
| 7. Corrected Tax Liability (Lesser of line 5 or 6) | 118,197,509.00 | 105,143,432.00 | |
| 8. Less a. | | | |
| Credits b. Total Credits (See attached schedule) | 15,687,506.00 | 6,787,105.00 | pages 3, 15-21 |
| (Specify) c. | | | |
| 9. Balance (Line 7 less total of lines 8a through 8c) | 102,510,003.00 | 98,356,327.00 | |
| 10. a. | | | |
| b. Other Taxes (See attached schedule) | 2,682,296.00 | 7,029,420.00 | pages 22+23 |
| Plus c. | | | |
| 11. Total Corrected Income Tax Liability (Line 9 plus total of lines 10a through 10c) | 105,192,299.00 | 105,385,747.00 | |
| 12. Total Tax ~~Shown on Return or~~ as Previously Adjusted | 132,694,499.00 | 133,420,887.00 | page 3 |
| 13. Adjustment to:<br>A.<br>B. | | | |
| 14. Deficiency-Increase in Tax or (Overassessment-Decrease in Tax) (Line 11 adjusted by Line 12) | (27,502,200.00) | (28,035,140.00) | |
| 15. Adjustments to Prepayment Credits | 0.00 | 0.00 | |
| 16. Balance Due or (Overpayment) (Line 13 adjusted by Line 14) Not Including Interest | (27,502,200.00) | (28,035,140.00) | |
| 17. Penalties, If Any (See explanation) | 0.00 | 0.00 | |

Other Information:

SEE ATTACHMENT FOR NOTICES AND OTHER INFORMATION

| | | |
|---|---|---|
| Examiner: Christine H. Beth (signature)<br>Christine E. Beth 39-01128 | District: LMSB:FS:1250 | Date: ~~02/13/2003~~ 4-7-03 |

Form CG-4549-A

EXHIBIT B, PAGE 3

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>Other Information |
|---|---|---|
| | | Other Info 95-96 claim.doc |
| **Name of Taxpayer**<br>**PRINCIPAL LIFE INSURANCE COMPANY**<br>F/K/A Principal Mutual Life Insurance Company | | **CLAIM Year Ended**<br>1995/1996 |

**OTHER INFORMATION**

1995 Claims

On February 7, 2001 you filed a claim Form 1120-PC (amended return) for a refund of $6,635,127 for the year ended December 31, 1995. This claim was for a capital loss carryforward from 1994 to 1995. This claim was allowed in full.

On June 7, 2001 you filed a claim for refund on Form 1120-PC (amended return) for a refund of $24,005,500 for the year ended December 31, 1995. The combination of this claim and the claim filed on February 7, 2001 results in total claims for refund for 1995 in the amount of $30,640,627.

As a result of our examination we allowed your claims in part, in the amount of $27,502,200 as shown in this Revenue Agent Report (RAR).

1996 Claim

On June 7, 2001 you filed a claim for refund on Form 1120-PC (amended return) for a refund of $30,351,882 for the year ended December 31, 1996. As a result of our examination we allowed your claims in part, in the amount of $28,035,140 as shown in this Revenue Agent Report (RAR).

Line 3, Taxable Income as Previously Adjusted:

| | 1995 | 1996 |
|---|---|---|
| Taxable Income per Return | $ 455,333,772 | $ 719,448,325 |
| Additional taxable income - RAR dated 8/18/2000 | | 6,285,823 |
| Decrease to taxable income- corrected RAR dated 10/25/2000 | (43,191,286) | |
| Taxable Income as Previously Adjusted | $ 412,142,486 | $ 725,734,148 |

Line 8.b., Credits:

| | 1995 | 1996 |
|---|---|---|
| Foreign Tax Credit, pages 15, 17 and 59 | $ 4,477,601 | $ 6,787,105 |
| Nonconventional Fuel Credit, pages 15, 17 and 60 | 3,253,665 | 0 |
| General Business Credit, pages 15, 17-21, and 61 | 138,471 | 0 |
| Prior Year Minimum Tax pages 15 and 16 | 7,817,769 | 0 |
| Total Credits, Line 8.b. | $ 15,687,506 | $ 6,787,105 |

The General Business Credit for 1996 was carried-back to 1995. The Nonconventional Fuel Credit for 1996 in the amount of $2,976,514 is allowed as a carryover to 1997 per IRC §53(d)(1)(B)(iii).

| Form 4549-B (Rev. October 1976) | Department of the Treasury - Internal Revenue Service INCOME TAX EXAMINATION CHANGES | Return Form No. 1120 |
|---|---|---|

| Name and Address of Taxpayer | Social Security or Employer Identification Number |
|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY<br>F/K/A PRINCIPAL MUTUAL LIFE INS CO<br>711 HIGH STREET<br>DES MOINES IA 50392-0350 | 42-0127290 |

| Adjustments to Income - ISSUE NUMBER | Year: 199512 | Year: 199612 | ~~Year:~~ Form 886A, Explanation Page # |
|---|---|---|---|
| A. -0001 FINANCIAL PRODUCTS - OID | | 87,966.00 | 64 |
| B. FP-0001 FINANCIAL PRODUCTS- DRD EQUITY SWAP | 0.00 | | 102 |
| C. FP-0001 FINANCIAL PRODUCTS- DRD EQUITY SWAP | 0.00 | | 102 |
| D. -0002 ESOP INTEREST PRORATION | 0.00 | 0.00 | 65 |
| E. -0003 SPECIAL DEDUCTIONS | (89,280,799.00) | (97,854,099.00) | 67 |
| F. -0003 SPECIAL DEDUCTIONS | 16,924,848.00 | 20,145,031.00 | 67 |
| G. -0004 SECTION 807(F)(2) RESERVES CHANGE IN BASIS | (604,250.00) | 67,139.00 | 68 |
| H. -0005 DEPRECIATION | (424,034.00) | (295,828.00) | 69 |
| I. -0006 ASSET SEGREGATION, ISSUE E-1 | (11,364.00) | (186,532.00) | 70 |
| J. -0007 PREMIUMS EARNED - A&H PREM DEPOSIT FUNDS | 0.00 | 0.00 | 71 |
| K. -0008 IRC SECTION 453A | 0.00 | 0.00 | 72 |
| L. -0009 OTHER ASSETS - CAPITALIZE START-UP COSTS | | (103,088.00) | 77 |
| M. -0010 OTHER DEDUCTIONS - GUARANTY FUND ASSESSMENT | 0.00 | 0.00 | 78 |
| N. -0011 OTHER DEDUCTIONS - GUARNATY FUND ASSESSMENT | 0.00 | | 84 |
| O. -0012 PSRS- PREMIUM STABILIZATION RESERVES | 21,275,985.00 | 4,305,630.00 | 90 |
| P. -0013 PARTNERSHIP INCOME (EXPENSE) | | 874,557.00 | 92 |
| Q. -0014 INTANGIBLES | (17,646.00) | (17,646.00) | 93 |
| R. -0015 DEPRECIATION | | (537,144.00) | 94 |
| S. -0017 IRC SECTION 832(B)(4) PREM RESERVES | (671,425.00) | (730,738.00) | 96 |
| T. -0019 NET OPERATING LOSS DEDUCTION | | (351,079,591.00) | 99 |
| U. -0021 ENVIRONMENTAL TAX | 24,243.00 | | 101 |
| V. See Supporting Schedules for the following: | | | |
| W. SALE OF PROPERTY - SCH. D 5701 #6 | (21,650,875.00) | 0.00 | 95 |
| X. | | | |
| Y. | | | |
| Z. | | | |
| TOTAL ADJUSTMENTS | (74,435,317.00) | (425,324,343.00) | 0.00 |

EXHIBIT B, PAGE 5

Form CG-4549-B

| Form 886A | Department of the Treasury - Internal Revenue Service<br>Explanation of Items | Schedule No.<br>5701 08 |
|---|---|---|
| | | 08 IRC §453A.doc |
| Name of Taxpayer<br>PRINCIPAL LIFE INSURANCE COMPANY<br>F/K/A Principal Mutual Life Insurance Company | | CLAIM Year Ended<br>1995/1996 |

**PRINCIPAL LIFE INSURANCE COMPANY**

| IRC §453A: Installment Sale | 1995 | 1996 |
|---|---|---|
| Additional Tax on Interest on Deferred Tax on Installment Sale<br>Increase in Tax | -0- | -0- |
| Other Deductions - Additional Deduction for Above Amount<br>Decrease to Taxable Income | -0- | -0- |

**ISSUE:**

The taxpayer filed a claim for refund for the years ended December 31, 1995 and 1996 that included a change to taxable income and total tax for both years related to an installment sale under section 453A of the Code. They requested a decrease to tax for both years in the amount of $2,120,187 and an increase to taxable income for both years in the same amount.

The issue raised by the taxpayer is whether the interest rule in §453A applies to the installment obligations received by Principal Mutual Life Insurance Company from the sale of commercial mortgage loans to Prudential.

This issue was first raised in the 1993/1994 examination and was not resolved at Appeals. The taxpayer has filed a petition for refund on this issue for the years ended December 31, 1993 and 1994.

This claim is denied in full.

**FACTS:**

On December 20, 1991, Principal Mutual sold commercial mortgage loans to Prudential, realizing a taxable gain on the sale. As consideration, Prudential gave Principal Mutual two installment notes with a combined principal amount of $478,476,694. On December 23, 1991, Principal Mutual sold the installment notes to a wholly-owned subsidiary, Principal FC, Ltd.

The sale of the mortgage loans to Prudential was reflected on the 1991 tax return using the installment sale method. The attachment to Form 6252 reflected that no payments were received during the year and that there was no installment sale income.

The sale of the installment obligations to Principal FC, Ltd. is a deferred intercompany transaction and Principal Mutual will restore the intercompany gains under the provisions of Treas. Reg. Sec. 1.1502-13(e)(1) as the installment obligations are satisfied. Schedule A attached to the contract for sale from Principal Mutual Life Insurance Company to Principal FC, LTD shows that installment payments are due January 1, 1999 and January 1, 2002.

PRINCIPAL LIFE INSURANCE COMPANY
f/k/a Principal Mutual Life Insurance Company
711 High Street
Des Moines, IA 50392-0350

EIN 42-0127290

AMENDED RETURN - CLAIM FOR REFUND REVISED
Taxable Year 1996

As shown on Amended Return and supporting schedules attached, Taxpayer hereby makes claim for refund in connection with federal income taxes paid, plus deficiency interest paid with respect to the portion of such overpayment paid pursuant to revenue agent's adjustment and subsequent assessment, plus statutory interest thereon as allowable by law.

The claim which is made as aforesaid, computed as follows:

| | | |
|---|---|---|
| Tax paid with or before filing of original return | 242,273,525.00 | |
| Plus: Tax payment on 1996 tax audit | 4,045,017.00 | |
| Net Tax Paid | | 246,318,542.00 |
| Tax per line 13, Consolidated 1120PC - Claim for Refund | 215,966,660.00 | |
| Correct amount of tax, as computed by taxpayer | | 215,966,660.00 |
| TAX REFUND CLAIM REVISED | | ($30,351,882.00) |

# PRINCIPAL LIFE INSURANCE COMPANY

## TAX YEAR 1996
## $2,120,187

## CODE SEC. 453A - INTEREST ON DEFERRED TAX LIABILITY

Taxpayer claims refund based on removal of additional tax on the interest on a deferred tax liability on an installment sale under section 453A of the Code. Upon audit, the examining agent assessed additional tax attributable to the interest on the deferred tax liability on an installment sale. See RAR pages 45-48. For the reasons set forth below section 453A is inapplicable to this transaction and the additional tax related to that interest should be removed.

### FACTS

On December 20, 1991, Principal Life Insurance Company (Principal Life) sold commercial mortgage loans to Prudential Insurance Company of America (Prudential) and deferred the gain realized under the installment sale provisions of Section 453. On December 23, 1991, Principal Life sold the installment notes to a wholly owned subsidiary, Principal FC, Ltd., triggering the deferred gains under section 453B. The examining agent proposed computing interest under Section 453A on the deferred tax liability arising from the installment sale of the commercial mortgage loans to Prudential on December 20, 1991 and assessed additional tax related to that interest. Principal Life disagrees with this adjustment and makes this claim for refund.

### ANALYSIS

In the agent's notice of proposed adjustments, he stated that even though the installment obligation was sold in a deferred intercompany transaction, it remained an obligation subject to section 453A. Under IRC §453A(b), section 453A applies only to installment obligations that are outstanding at the close of a taxable year and only if all of such obligations exceed $5,000,000. It further provides that all members of the same controlled group are treated as one person for the purposes of determining whether section 453A applies. Under 453B, however, the disposition of the installment sale obligation to Principal FC, Ltd., precludes the application of 453A to this transaction.

Section 453B(a) provides that:

> If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and -

(1) the amount realized, in the case of satisfaction other than face value or sale or exchange, or

(2) the fair market value of the obligation at the time of distribution, transmission, or disposition, in the case of the distribution, transmission, or disposition otherwise than by sale or exchange.

Any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received.

Under section 453B when Principal Life sold the installment obligation to Principal FC, Ltd., the deferred gain was triggered, Principal Life was no longer the owner of an installment obligation and Principal FC became the holder of a note receivable. Section 453A only applies to installment obligations. Since the obligation in the hands of Principal FC, Ltd., is a note receivable, the fact that Principal Life and Principal FC, Ltd., are treated as one person is irrelevant as the obligation is no longer one falling within the definition of an installment obligation to which section 453A applies.

The deferred gain which Principal Life would have recognized under section 453B continues to be deferred under Treasury regulation section 1.1502-13 as the sale to the subsidiary constitutes a deferred intercompany transaction and will be recognized as the payments are received by Principal FC, Ltd., from Prudential. Treasury regulation section 1.1502-13(e)(1) states:

> If an installment obligation (within the meaning of section 453(d)) is transferred in a deferred intercompany transaction, then on each date on which the obligation is satisfied the selling member shall take into account an amount equal to the deferred gain or loss on such transfer, multiplied by a fraction, the numerator of which is the portion of such obligation satisfied on such date, and the denominator of which is the aggregate unpaid installments immediately after the deferred intercompany transaction.

The examining agent cited to Treasury regulation section 1.1502-13(m)(3), example 2, item (iii), in support of the application of section 453A to this transaction. This example is not helpful in our situation, as it involves a different set of facts. In the example, a subsidiary sells property to its parent company which then sells the property to an unrelated third party in return for an installment obligation over $5 million, causing section 453A to be applied. In the transaction at issue, Principal Life received an installment obligation from a third party which it then sold to its subsidiary in a transaction in which gain would have been recognized but for the intercompany transaction rules, which cause the gain to continue to be deferred. In example 2, the sale is from the control group to an outside party whereas in this case the installment sale occurs between the outside party and Principal Life and the obligation is then sold by Principal Life to its subsidiary. Please explain why the result should differ.

That section 453A is inapplicable to the current situation is further shown by final regulations under section 1502, which were issued on July 12, 1995, to address the specific issue, in question. Under Treasury regulation section 1.1502-13(m), Example 6, section 453A is made applicable to

transactions such as the present situation occurring on or after July 12, 1995. The issuance of these regulations further amplifies that at the time of this transaction, section 453A was not applicable to the transaction and the examining agent's application of section 453A to the transaction is incorrect. If section 453A was applicable to the present situation in 1992 and 1993, there would have been no reason to issue the new regulations.

CONCLUSION

Neither section 453A nor then current Treasury regulation section 1.1502-13 provides any basis for applying the interest charge on the sale of installment obligations to Principal FC, Ltd. Section 453A contains a single employer rule designed to consolidate all qualified installment obligations held by consolidated members for purposes of the $5,000,000 threshold, but is inapplicable where the installment obligation has been sold and the gain triggered under section 453B. The intercompany transaction regulations in effect at that time provided for the restoration of gain from the intercompany sale of the installment obligations but provided only a limited application of section 453A in a factual situation not applicable to Principal Life. It wasn't until final regulations were issued under section 1502 that the application of section 453A was broadened to include the type of transaction Principal Life executed in 1991. These regulations, however, are generally effective for transactions occurring in tax years beginning on or after July 12, 1995. Because section 453A is clearly inapplicable to this transaction, Taxpayer hereby requests a refund of $2,120,187.00 for tax year 1996 based upon removal of the additional tax on the interest on the deferred tax on the installment sale under section 453A of the Code.