IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-6 T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE
COMPANY AND SUBSIDIARIES,

Plaintiff

v.

THE UNITED STATES,

Defendant

# ANSWER

For its answer to the complaint, defendant respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Admits that a suit for recovery of federal income taxes may be founded on the Internal Revenue Code of 1986, 26 U.S.C.; denies that the taxes and interest at issue were erroneously or illegally assessed or collected; and admits that the Court's jurisdiction, to whatever extent it exists, is predicated on 28 U.S.C., § 1491.

2-4. Admits the allegations contained in paragraphs 2-4.

5-6. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 5 and 6.

7. Admits the allegations contained in paragraph 7.

8. Restates and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 7.

9. Admits the allegations contained in paragraph 9, except avers that the return was received by the IRS on September 18, 1996, and avers that the name appearing on the return was “Principal Mutual Life Insurance Company - Consolidated,” and that the zip code shown on the return was 50392-0350.

10. Admits that plaintiff’s federal income tax return for 1995 reflected a total consolidated federal income tax liability for that year of $146,984,286, and that that liability was ultimately fully satisfied; and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 10.

11. Avers that the IRS’s transcript of plaintiff’s account for tax year 1995 reflects that an amended return for that year was filed on December 31, 1999, and avers that plaintiff’s characterization in paragraph 11 of the claim filed on February 7, 2001, as the “First 1995 Amended Return/Claim for Refund” is merely a label for identification purposes; avers that the name appearing on that claim was “Principal Mutual Life Insurance Company - Consolidated,” and that the zip code shown on the claim was 50392-0350; and admits the remaining allegations contained in paragraph 11.

12. Avers that the IRS's transcript of plaintiff's account for tax year 1995 reflects that an amended return for that year was filed on December 31, 1999, and avers that plaintiff's characterization in paragraph 12 of the claim filed on or about June 7, 2001, as the "Second 1995 Amended Return/Claim for Refund" is merely a label for identification purposes; avers that the name appearing on that claim was "Principal Life Insurance Company f/k/a Principal Mutual Life Insurance Company - Consolidated," and that the zip code shown on the claim was 50392-0350; admits that copies of the portions of that claim that plaintiff contends are relevant to this action are attached to the complaint as Exhibit A, but avers that no "schedules" are attached; avers that "the facts and grounds upon which this action is brought" consist of the facts and grounds described in the first sentence of paragraph 16 of the complaint and in Exhibit A attached to the complaint, and admits that those facts and grounds were incorporated within the claim for refund filed on or about June 7, 2001; and admits the remaining allegations contained in paragraph 12.

13. Avers that the IRS's transcript of plaintiff's account for tax year 1995 reflects that an amended return for that year was filed on December 31, 1999, and avers that plaintiff's characterization in paragraph 13 of the claim filed on February 7, 2001, as the "First 1995 Amended Return/Claim for Refund," and of the claim filed on or about June 7, 2001, as the "Second 1995 Amended Return/Claim for Refund," are merely labels for identification purposes; avers that the IRS's notice of partial disallowance of the 1995 refund claim filed on or about June 7, 2001, was mailed on September 16, 2003, and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations

respecting the date that plaintiff received the notice; admits that the notice referred to a previous examination report but avers that the date of the report was not referred to in the notice; admits that copies of the portions of the notice and of the examination report that plaintiff contends are relevant to this action are attached to the complaint as Exhibit B; and admits the remaining allegations contained in paragraph 13.

14. Admits that the IRS has not allowed the remainder of what plaintiff refers to as its Second 1995 Amended Return/Claim for Refund.

15. Denies the allegations contained in paragraph 15.

16. Denies the allegations contained in the first sentence of paragraph 16; and admits the allegations contained in the second sentence.

17. Denies that the taxes were overpaid or that defendant is indebted to plaintiff; and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 17.

18. Restates and incorporates by reference herein its responses to the allegations contained in paragraphs 1-7.

19. Admits the allegations contained in paragraph 19, except avers that the return was received by the IRS on September 17, 1997, and avers that the name appearing on the return was “Principal Mutual Life Insurance Company - Consolidated,” and that the zip code shown on the return was 50392-0350.

20. Admits that plaintiff’s federal income tax return for 1996 reflected a total consolidated federal income tax liability for that year of $242,273,525, and that that liability

was ultimately fully satisfied; and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 20.

21. Admits that the IRS determined a tax deficiency for the 1996 year in the amount of $4,045,017.00, and that it was assessed, along with $1,384,677.66 in restricted interest, on October 5, 2000; admits that plaintiff paid the total tax and interest ($5,429,694.66), and avers that the payment was received by the IRS on October 29, 2000; and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 21.

22. Avers that the name appearing on the 1996 amended return/refund claim was "Principal Life Insurance Company - Consolidated (f/k/a Principal Mutual Life Insurance Company)," and that the zip code shown on the claim was 50392-0350; admits that copies of the portions of that claim that plaintiff contends are relevant to this action are attached to the complaint as Exhibit C, but avers that no "schedules" are attached; avers that "the facts and grounds upon which this action is brought" consist of the facts and grounds described in the first sentence of paragraph 26 of the complaint and in Exhibit C attached to the complaint, and admits that those facts and grounds were incorporated within the claim for refund filed on or about June 7, 2001; and admits the remaining allegations contained in paragraph 22.

23. Avers that the IRS's notice of partial disallowance of the 1996 refund claim filed on or about June 7, 2001, was mailed on September 16, 2003, and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the

allegations respecting the date that plaintiff received the notice; admits that the notice referred to a previous examination report but avers that the date of the report was not referred to in the notice; admits that copies of the portions of the notice and of the examination report that plaintiff contends are relevant to this action are attached to the complaint as Exhibit B; and admits the remaining allegations contained in paragraph 23.

24. Admits that the IRS has not allowed the remainder of the referenced claim for refund for 1996.

25. Denies the allegations contained in paragraph 25.

26. Denies the allegations contained in the first sentence of paragraph 26; and admits the allegations contained in the second sentence.

27. Denies that the taxes were overpaid or that defendant is indebted to plaintiff; and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 27.

ADDITIONAL DEFENSES

28. For each of plaintiff's tax years 1995 and 1996, the IRS allowed as deductions the interest paid for each year pursuant to Code § 453A. In the event plaintiff were to prevail on the § 453A issue in this suit, any potential recovery must be reduced (offset) by the additional tax resulting from the concomitant elimination of the deductions allowed for those interest payments.

29. Any potential recovery by plaintiff in this suit is subject to the amount limitations imposed under Code § 6511(b) and/or (c).

30. Any potential recovery by plaintiff in this suit must be reduced (offset) by any additional tax computed to be owing by plaintiff under the Internal Revenue Code as a result of the Court's determination of the issue raised in the complaint.

40. If, as a result of the Court's determination of the issue raised in the complaint, any additional tax is computed to be owing by plaintiff under the Internal Revenue Code as to which assessment is barred by the statute of limitations, that amount must be recouped against any recovery to which plaintiff would otherwise be entitled as a result of the Court's determination.

Wherefore, the complaint should be dismissed, with costs assessed against the plaintiff.

Respectfully submitted,

s/ *Mary M. Abate*

MARY M. ABATE
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6507

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief

s/ *Steven I. Frahm*
Of Counsel

March 22, 2007