IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES, | : | |
| | : | CIVIL NO. 07-6T |
| Plaintiff, | : | |
| | : | (Judge Francis M. Allegra) |
| vs. | : | |
| | : | PLAINTIFF'S FIRST |
| UNITED STATES OF AMERICA, | : | AMENDMENT |
| | : | TO COMPLAINT |
| Defendant. | : | |

Plaintiff Principal Life Insurance Company hereby amends its Complaint previously filed herein by striking Paragraphs 24 through 27 and substituting the following in lieu thereof:

24. On or about January 13, 2005, following issuance by the Internal Revenue Service of a statutory notice of deficiency for 1996, Plaintiff remitted to the Internal Revenue Service a deposit for 1996 in the total amount of $11,000,000. On or about January 28, 2005, such remittance together with other funds remitted by Plaintiff, in the aggregate amount of $11,801,071, was applied as a payment of taxes, interest, and penalties claimed by the Internal Revenue Service to be due for 1996.

25. On or about January 26, 2007, Plaintiff filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a second Amended

Return/Claim for Refund of 1996 income taxes ("Second 1996 Amended Return/Claim for Refund") seeking refund of federal income taxes for 1996, including the accuracy-related penalty, in the amount of $8,293,351. Included within such Second 1996 Amended Return/Claim for Refund were certain of the facts and grounds which are the subject of Plaintiff's First Amendment To Complaint. Copies of the relevant portions of such Second 1996 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, are filed herewith as Attachments 2 through 7, inclusive and by this reference are made a part hereof.

26. The Internal Revenue Service has failed and refused to allow Plaintiff's Second 1996 Amended Return/Claim for Refund, including the portions thereof which are attributable to the issues set forth in subparagraphs (b), (c), and (d) of paragraph 28 below which are the subject of Plaintiff's First Amendment To Complaint.

27. By virtue of the failure and refusal of the Internal Revenue Service to allow that portion of Plaintiff's first 1996 Amended Return/Claim for Refund filed on or about June 7, 2001 attributable to the issue referred to in paragraph 28(a) below, and its failure and refusal to allow the portions of Plaintiff's Second Amended Return/Claim for Refund filed on about January 26, 2007 attributable to

the issues referred to in subparagraphs (b), (c), and (d) of paragraph 28 below, Plaintiff has overpaid its federal income taxes for 1996 in the amount of $10,413,537, and has overpaid the accuracy-related penalty in the amount of $961,609, which amounts, together with interest paid thereon and overpayment interest as provided by law (including interest calculated under Section 6621(d)), is now due and owing to Plaintiff by the Defendant.

28. Collection by the Internal Revenue Service of the additional taxes, penalty, and interest for 1996, and its failure and refusal to allow Plaintiff's claims for refund for 1996, as referred to above, were illegal and improper as a result of the following errors by the Internal Revenue Service:

(a) Determination that Plaintiff was liable for interest on deferred tax for the taxable year 1996 in the amount of $2,120,187 under Section 453A of the Internal Revenue Code as a result of Plaintiff's recognized but unreported capital gain arising from its sale in 1991 of installment obligations to its indirect subsidiary, Principal FC, Ltd. Such Section 453A interest was the subject of this Court's decision filed on March 17, 2006, in the related case, *Principal Life Insurance Company v. U.S.*, No. 02-1278T, relating to Plaintiff's taxable years 1991-1994.

(b) Decrease in Plaintiff's deduction under §172 for net operating loss carryback from 2001 by the amount of $44,922,511, including, *inter alia*, $10,551,985 determined to represent income from Custodial Share Receipts in 2001; $19,703,883 determined to represent interest income received by Plaintiff in 2001 from Whispering Woods, LLC (instead of previously taxed income under Section 959 as determined by Plaintiff); $4,336,338 determined to represent interest income received by Plaintiff in 2001 from Whistling Pines, LLC (instead of previously taxed income under Section 959 as determined by Plaintiff); and failure to allow $1,983,866 for amortization of guarantee fund assessments paid by Plaintiff.

(c) Assessment and collection of the accuracy-related penalty under Section 6662(a) for 1996, in the amount of $961,609, for alleged negligence and substantial understatement claimed in connection with adjustments made to Plaintiff's net operating loss carrybacks from 2001 relating to its investments in Whispering Woods, LLC and Whistling Pines, LLC.

(d) Failure to make timely assessment of 1996 tax in the amount of $8,806,758, penalty in the amount of $961,609, and interest in the amount of $2,032,704 demanded from and paid by Plaintiff on January 28, 2005, for the reason that such assessments were barred by the statute of limitations.

29. In the alternative, Plaintiff states that the remittance made by it on January 13, 2005 referred to in paragraph 24 above was a deposit in the nature of a cash bond in accordance with Section 6603 of the Internal Revenue Code and Revenue Procedure 84-58, that application of such remittance in payment of taxes, penalties, and/or interest for 1996 was predicated upon the ability of the Internal Revenue Service to properly assess such taxes, penalties, and/or interest for 1996 within the period of limitations applicable thereto, that no such timely assessment of such taxes, penalties, and/or interest for 1996 was made by the Internal Revenue Service within the applicable statute of limitation, and that, accordingly, the full amount of such deposit has been improperly retained by the Internal Revenue Service in contravention 26 U.S.C. §§ 6503(a) and 6213(b)(4) and the provisions of Internal Revenue Code referred to in paragraph 28 above, and such amount is now due and owing to the Plaintiff.

WHEREFORE, Plaintiff prays judgment for the full amount owing to it by the Defendant, such amount to be determined upon agreement of the parties or by the Court following the Court's ruling on the issues in this case.

Date: September 26, 2007.

*s/ Bruce Graves*

Bruce Graves
Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, P.L.C.
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515/242-2400
Facsimile: 515/283-0231
E-mail: *graves@brownwinick.com*

ATTORNEY FOR PLAINTIFF,
PRINCIPAL LIFE INSURANCE
COMPANY