IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 07-6 T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE
COMPANY AND SUBSIDIARIES,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ANSWER TO PLAINTIFF'S FIRST AMENDMENT TO COMPLAINT

For its answer to plaintiff's first amendment to complaint ("First Amendment"), defendant respectfully denies each and every allegation contained therein that is not expressly admitted below and hereby amends its previously filed Answer by striking Paragraphs 24 through 27 and substituting the following in lieu thereof:

24. With respect to the allegations contained in the first sentence of paragraph 24, admits that on or about January 13, 2005, following issuance by the Internal Revenue Service ("IRS") of a statutory notice of deficiency for 1996-2000, Principal Financial Group, Inc., and/or Plaintiff remitted to the IRS $444,000,000 with the request that the remittance be treated as a deposit in the nature of a cash bond and with the request that $11,000,000 of such remittance be treated as a deposit in the nature of a cash bond with

respect to 1996; and states that the allegation that the remittance of $11,000,000 with respect to 1996 was a "deposit" is a legal conclusion to which no response is required. With respect to the allegations contained in the second sentence of paragraph 24, admits that $10,988,338.43 of the $444,000,000 (remitted on or about January 13, 2005) was applied as a payment of taxes, interest, and penalties determined by the IRS to be due for 1996; states that the allegation regarding the date (on or about January 28, 2005) the remittance was applied as a payment constitutes a legal conclusion to which no response is required, or, in the alternative, denies such allegation; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of paragraph 24.

25. With respect to the allegations contained in the first sentence of paragraph 25, admits that Plaintiff filed with the IRS an amended return/claim for refund for 1996 dated January 25, 2007, seeking refund of federal income taxes for 1996, including an accuracy-related penalty, in the amount of $8,293,351; states that Plaintiff's characterization of the claim as the "Second 1996 Amended Return/Claim for Refund" is merely a label for identification purposes, without legal effect; and states that it is currently without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the first sentence of paragraph 25. States that the allegations contained in the second sentence of paragraph 25 constitute legal argument to which no response is required. Denies the allegations contained in the third sentence of paragraph 25; states that copies of portions of Plaintiff's amended return for 1996 dated January 25,

2007, which portions Plaintiff contends are relevant, including narratives Plaintiff contends are relevant to this action, were filed as Attachments 2 through 7 to Plaintiff's Motion for Leave to Amend [Doc. #12], and that, after the Court granted Plaintiff's motion, *see Order* [Doc. #15], Plaintiff filed only its First Amendment [Doc. #16], without attachments.

26. With respect to the allegations contained in paragraph 26, admits that the IRS has not allowed any portion of Plaintiff's amended return for 1996 dated January 25, 2007, states that the remainder of the allegations contained in paragraph 26 constitute legal argument to which no response is required, and denies that the IRS's actions were erroneous.

27. With respect to the allegations contained in paragraph 27, admits that the IRS has not allowed a portion of Plaintiff's amended return for 1996 filed on or about June 7, 2001, and that the IRS has not allowed any portion of Plaintiff's amended return for 1996 dated January 25, 2007; states that the allegations contained in paragraph 27 regarding attribution are legal argument to which no response is required; states that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 27 that Plaintiff filed an amended return on or about January 26, 2007; and denies the remaining allegations contained in paragraph 27.

28. Admits the allegations contained in paragraph 28 that the IRS collected additional taxes, penalty, and interest for 1996, and that the IRS has not allowed a portion of Plaintiff's amended return for 1996 filed on or about June 7, 2001, and that the IRS has

not allowed any portion of Plaintiff's amended return for 1996 dated January 25, 2007; and denies the remaining allegations contained in paragraph 28, including denies that such actions by the IRS were illegal, improper, or erroneous, which allegations are, in any event, legal conclusions.

(a) States that the allegations contained in the first sentence of paragraph 28(a) characterizing an IRS determination are irrelevant, as this action is a *de novo* proceeding, and constitute legal argument to which no response is required; admits the allegations contained in the second sentence of paragraph 28(a) that interest under Section 453A of the Internal Revenue Code was among the subjects of the referenced decision relating to the taxable years 1991-1994.

(b) With respect to the allegations contained in paragraph 28(b), admits that, in a notice of deficiency issued on December 29, 2004, the IRS partially disallowed Plaintiff's deduction for a net operating loss carryback from 2001 to 1996 by the amount of $44,922,511, including by $10,551,985 with respect to "Custodial Share Receipts Income," by $19,703,883 with respect to "Whispering Woods LLC Interest Income", by $4,336,338 with respect to "Whistling Pines LLC", and that, with respect to Plaintiff's amended return for 1996 dated January 25, 2007, the IRS has not allowed $1,983,866 with respect to "guarantee fund assessments"; states that the allegations contained in paragraph 28(b) characterizing IRS determinations are irrelevant, as this action is a *de novo* proceeding, and constitute legal argument to which no response is required.

(c) Admits the allegations contained in paragraph 28(c) that the IRS assessed and

collected an accuracy-related penalty for 1996 in the amount of $961,609 for (as recorded in the notice of deficiency issued on December 29, 2004) substantial understatement of income tax and negligence or disregard of rules and regulations, and that the penalty was imposed for 1996 with respect to the portion of the 1996 underpayment determined to be attributable to adjustments labeled in the notice of deficiency as "00IE10. Whispering Woods LLC Interest Income;" and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 28(c).

(d) Admits the allegations contained in paragraph 28(d) that the IRS assessed for 1996 tax in the amount of $8,806,758, penalty in the amount of $961,609, and interest (but not in the amount of $2,032,704); states that characterization of an assessment as untimely or "barred by the statute of limitations" constitutes a legal conclusion to which no response is required, or, in the alternative, denies that the assessments were untimely or barred by the statute of limitations; states that the allegation regarding the timing of payment of tax, penalty, and interest as on January 28, 2005, constitutes a legal conclusion to which no response is required, or, in the alternative, denies such allegation.

29. With respect to the allegations contained in paragraph 29, admits that on or about January 13, 2005, Plaintiff remitted to the IRS $444,000,000 with the request that the remittance be treated as a deposit in the nature of a cash bond and with the request that $11,000,000 of such remittance be treated as a deposit in the nature of a cash bond with respect to 1996; admits that $10,988,338.43 of the $444,000,000 (remitted on or

about January 13, 2005) was applied as a payment of taxes, interest, and penalties determined by the IRS to be due for 1996; denies that such amount is now due and owing to the Plaintiff; and states that the remaining allegations contained in paragraph 29 are legal conclusions or argument to which no response is required.

ADDITIONAL DEFENSES

30. For each of plaintiff's tax years 1995 and 1996, the IRS allowed as deductions the interest paid for each year pursuant to Code § 453A. In the event plaintiff were to prevail on the § 453A issue in this suit, any potential recovery must be reduced (offset) by the additional tax resulting from the concomitant elimination of the deductions allowed for those interest payments.

31. Any potential recovery by plaintiff in this suit is subject to the amount limitations imposed under Code § 6511(b) and/or (c).

32. Any potential recovery by plaintiff in this suit must be reduced (offset) by any additional tax computed to be owing by plaintiff under the Internal Revenue Code as a result of the Court's determination of any issue raised in the complaint.

33. If, as a result of the Court's determination of any issue raised in the complaint, any additional tax is computed to be owing by plaintiff under the Internal Revenue Code as to which assessment is barred by the statute of limitations, that amount must be recouped against any recovery to which plaintiff would otherwise be entitled as a result of the Court's determination.

34. All assessments of income tax, interest and penalty for 1996 were timely.

If any part of Plaintiff's $444,000,000 remittance (remitted on or about January 13, 2005) constitutes a payment of federal income tax, interest and/or penalty for 1996 as of January 28, 2005, such payment was collected by the IRS within the period for assessment and the United States has the right to retain it. If all or any part of such remittance constitutes a deposit in the nature of a cash bond as of January 28, 2005, subsequent assessments of 1996 income tax, interest, and penalty were timely.

35. If any part of Plaintiff's $444,000,000 remittance (remitted on or about January 13, 2005) constitutes a payment of federal income tax, interest, and/or penalty for 1996 as of January 28, 2005, Plaintiff's return/claim for refund for 1996 dated January 25, 2007, was filed untimely, outside the period of limitations in 26 U.S.C. § 6511(a).

Wherefore, the complaint should be dismissed, with costs assessed against the plaintiff.

Respectfully submitted,

s/ *Bart D. Jeffress*

BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section
W.C. RAPP
Senior Trial Attorney

s/ *W.C. Rapp*
Of Counsel

March 25, 2008