Form **1120X** (Rev. December 2004)
Department of the Treasury Internal Revenue Service

# Amended U.S. Corporation Income Tax Return

OMB No. 1545-0132

For tax year ending ▶ 12/1996 (Enter month and year.)

| Please Type or Print | |
|---|---|
| Name: Principal Life Insurance Company | Employer identification number: 42-0127290 |
| Number, street, and room or suite no. (If a P.O. box, see instructions.): 711 High Street | |
| City or town, state, and ZIP code: Des Moines , IA 50392-0350 | Telephone number (optional): 515-248-8253 |

Enter name and address used on original return (If same as above, write "Same."): Principal Mutual Life Insurance Company

Internal Revenue Service Center where original return was filed ▶ Ogden, UT

**Fill in applicable items and use Part II on the back to explain any changes**

**Part I** **Income and Deductions** (see instructions)

| | | | (a) As originally reported or as previously adjusted | (b) Net change—increase or (decrease)—explain in Part II | (c) Correct amount |
|---|---|---|---|---|---|
| | | | See attached | schedules for | Lines 1-3 |
| 1 | Total income (Form 1120 or 1120-A, line 11) | 1 | | 0.00 | |
| 2 | Total deductions (total of lines 27 and 29c, Form 1120, or lines 23 and 25c, Form 1120-A) | 2 | | 0.00 | |
| 3 | Taxable income. Subtract line 2 from line 1 | 3 | 345,332,318 | (41,629,349.00) | 303,702,969 |
| 4 | Tax (Form 1120, line 31, or Form 1120-A, line 27) | 4 | 114,192,505 | (8,293,350.00) | 105,899,155 |

**Payments and Credits** (see instructions)

| | | | (a) | (b) | (c) |
|---|---|---|---|---|---|
| 5a | Overpayment in prior year allowed as a credit | 5a | | 0.00 | |
| b | Estimated tax payments | 5b | 170,746,000 | 0.00 | 170,746,000 |
| c | Refund applied for on Form 4466 | 5c | | 0.00 | |
| d | Subtract line 5c from the sum of lines 5a and 5b | 5d | 170,746,000 | 0.00 | 170,746,000 |
| e | Tax deposited with Form 7004 | 5e | 60,939,170 | 0.00 | 60,939,170 |
| f | Credit from Form 2439 | 5f | | 0.00 | |
| g | Credit for Federal tax on fuels | 5g | | 0.00 | |

| | | | |
|---|---|---|---|
| 6 | Tax deposited or paid with (or after) the filing of the original return | 6 | 23,440,130 |
| 7 | Add lines 5d through 6, column (c) | 7 | 255,125,300.00 |
| 8 | Overpayment, if any, as shown on original return or as later adjusted | 8 | 140,932,794 |
| 9 | Subtract line 8 from line 7 | 9 | 114,192,506.00 |

**Tax Due or Overpayment** (see instructions)

| | | | |
|---|---|---|---|
| 10 | **Tax due.** Subtract line 9 from line 4, column (c). If paying by check, make it payable to the "**United States Treasury**" ▶ | 10 | 0.00 |
| 11 | **Overpayment.** Subtract line 4, column (c), from line 9 ▶ | 11 | 8,293,351.00 |
| 12 | Enter the amount of line 11 you want: **Credited to 20__ estimated tax** ▶ **Refunded** ▶ | 12 | 8,293,351.00 |

**Sign Here**

Under penalties of perjury, I declare that I have filed an original return and that I have examined this amended return, including accompanying schedules and statements, and to the best of my knowledge and belief, this amended return is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Lillian Chen (signature) — Signature of officer Lillian Chen | Date 1/25/07 | ▶ VP Tax — Title

**Paid Preparer's Use Only**

| Preparer's signature ▶ | Date | Check if self-employed ☐ | Preparer's SSN or PTIN |
|---|---|---|---|
| Firm's name (or yours if self-employed), address, and ZIP code ▶ | | EIN | |
| | | Phone no. | |

**For Privacy Act and Paperwork Reduction Act Notice, see page 4.**

**Part II** **Explanation of Changes to Items in Part I** (Enter the line number from page 1 for the items you are changing, and give the reason for each change. Show any computation in detail. Also, see **What To Attach** on page 3 of the instructions.)

f the change is due to a net operating loss carryback, a capital loss carryback, or a general business credit carryback, see **Carryback Claims** on page 3, and check here . . . ▶ [X]

This refund claim is filed to carryback the net operating loss from 2001. The taxpayer filed a claim for refund on or around January, 2007 which increased the 2001 net operating loss (see attached 1120 for 2001). See the attached schedule for the changes in the net operating loss.

The amounts reported in column a is the taxable income reported in the Statutory Notice of Deciciency for the tax years 1999-2001 received on December 29, 2004. A copy of the appropriate pages are attached to this return.

**Principal Life Insurance Company**
**FEIN 42-0127290**
**Carryback Claim**
**Form 1120-X**
**Year Ended December 31, 1996**

| | | |
|---|---|---|
| Taxable income as previously reported<br>(Source: 1999-2001 Statutory Notice of Deficiency) | 345,332,316 | |
| Increase in NOL Carryback from 2001<br>Amounts reported in Claim for refund filed January 29,2007 for the 2001 Tax Year. | (41,629,349) | |
| Taxable Income Reported on 1120-X | 303,702,967 | |
| Tax computed on revised taxable income | 106,296,038 | |
| Tax reported on Previously filed return | 120,866,311 | |
| Decrease in Tax Liability | | (14,570,273) |
| Change in Sec 29 Credit | | |
| Net Section 29 credit reported on previous return | (2,007,267) | |
| Net Section 29 credit reported on amended return | - | |
| Additional Limitation on Secion 29 credit<br>(available for carryforward to 1997) | | 2,007,267 |
| Change in AMT tax | | |
| AMT reported on previous return | - | |
| AMT reported on amended return | 4,269,656 | |
| Additional AMT tax<br>(available for carryforward to 1997) | | 4,269,656 |
| Net Decrease in Tax | | (8,293,350) |

S:\H035\Audits\99-00\[Claim All Year Summary.xls]Carryback - 1996

Form **1120-PC** **U.S. Property and Casualty Insurance Company Income Tax Return** OMB No. 1545-1027 **1996**

Department of the Treasury
Internal Revenue Service

For calendar year 1996, or tax year beginning __________, 1996, and ending __________, 19____

▶ Instructions are separate. See page 1 for Paperwork Reduction Act Notice.

AMENDED

Please type or print

| | |
|---|---|
| Name<br>Principal Life Insurance Company | A Employer identification number<br>42-0127290 |
| Number and street, and room or suite no. (If a P.O. box, see page 5 of instructions)<br>711 High Street | B Date incorporated |
| City or town, state, and ZIP code<br>Des Moines IA 50392-0350 | C Check if a consolidated return (Attach Form 851) ☐ |

D Check if: (1) ☐ Final return (2) ☐ Change of address (3) ☐ Amended return

E Check applicable box if an election has been made under section(s) ▶ (1) ☐ 953(c)(3)(C) (2) ☐ 953(d)

**Tax Computation and Payments**

| Line | Description | | | Line | Amount |
|---|---|---|---|---|---|
| 1 | Taxable income (Schedule A, line 37) | | | 1 | 303,702,967 |
| 2 | Taxable investment income for electing small companies (Schedule B, line 21) | | | 2 | |
| 3 | Check if a member of a controlled group (see sections 1561 and 1563) ▶ ☐ | | | | |
| | **Important:** Members of a controlled group, see instructions on page 5. | | | | |
| a | If the box on line 3 is checked, enter the corporation's share of the $50,000, $25,000, and $9,925,000 taxable income brackets (in that order): (1) $ (2) $ (3) $ | | | | |
| b | Enter the corporation's share of: (1) additional 5% tax (not to exceed $11,750) | | $ | | |
| | (2) additional 3% tax (not to exceed $100,000) | | $ | | |
| 4 | Income tax | | | 4 | 106,296,038 |
| 5 | Enter amount of tax that a reciprocal must include | | | 5 | |
| 6 | **Total.** Add lines 4 and 5 | | | 6 | 106,296,038 |
| 7a | Foreign tax credit (attach Form 1118) | 7a | 6,787,105 | | |
| b | Other credits (see page 6 of instructions) | 7b | | | |
| c | General business credit. Enter here and check which forms are attached: ☐ 3800 ☐ 3468 ☐ 5884 ☐ 6478 ☐ 6765 ☐ 8586 ☐ 8830 ☐ 8826 ☐ 8835 ☐ 8844 ☐ 8845 ☐ 8846 ☐ 8820 ☐ 8847 | 7c | | | |
| d | Credit for prior year minimum tax (attach Form 8827) | 7d | | | |
| e | **Total credits.** Add lines 7a through 7d | | | 7e | 6,787,105 |
| 8 | Subtract line 7e from line 6 | | | 8 | 99,508,933 |
| 9 | Foreign corporations — Tax on income not connected with U.S. business | | | 9 | |
| 10 | Recapture taxes. Check if from: ☐ Form 4255 ☐ Form 8611 | | | 10 | 2,120,566 |
| 11 | Alternative minimum tax (attach Form 4626) | | | 11 | 4,269,656 |
| 12 | Personal holding company tax (attach Schedule PH (Form 1120)) | | | 12 | |
| 13 | **Total tax.** Add lines 8 through 12 | | | 13 | 105,899,155 |
| 14a | 1995 overpayment credited to 1996 — 14a | | | | |
| b | Prior year(s) special estimated tax payments to be applied — 14b | | | | |
| c | 1996 estimated tax payments (See instructions) — 14c 170,746,000 | | | | |
| d | 1996 special estimated tax payments (See page 7 of instructions) — 14d | | | | |
| e | 1996 refund applied for on Form 4466 — 14e ( ) | | | | |
| f | Enter the total of lines 14a through 14c less line 14e | 14f | 170,746,000 | | |
| g | Tax deposited with Form 7004 | 14g | 60,939,170 | | |
| h | Credit by reciprocal for tax paid by attorney-in-fact under section 835(d). | 14h | | | |
| i | Other credits and payments | 14i | (117,492,664) | 14j | 114,192,506 |
| 15 | Estimated tax penalty (see page 8 of instructions). Check if Form 2220 is attached ▶ ☐ | | | 15 | |
| 16 | **TAX DUE.** If line 14j is smaller than the total of lines 13 and 15, enter AMOUNT OWED | | | 16 | |
| 17 | **OVERPAYMENT.** If line 14j is larger than the total of lines 13 and 15, enter AMOUNT OVERPAID | | | 17 | 8,293,351 |
| 18 | Enter amount of line 17 you want: **Credited to 1997 estimated tax** ▶ $ Refunded ▶ | | | 18 | |

**Please Sign Here**

Under penalties of perjury, I declare that I have examined this return, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete. Declaration of preparer (other than taxpayer) is based on all information of which preparer has any knowledge.

▶ Signature of officer — Date — ▶ Title

**Paid Preparer's Use Only**

Preparer's signature ▶ — Date — Check if self-employed ☐ — **Preparer's social security no.**

Firm's name (or yours if self-employed) and address ▶ — EIN ▶ — ZIP code ▶

ISA

STF FED4147F 1

**PRINCIPAL LIFE INSURANCE COMPANY**

**TAX YEAR 1996**
**$2,120,187**

## CODE SEC. 453A - INTEREST ON DEFERRED TAX LIABILITY

Taxpayer claims refund based on removal of additional tax on the interest on a deferred tax liability on an installment sale under section 453A of the Code. Upon audit, the examining agent assessed additional tax attributable to the interest on the deferred tax liability on an installment sale. See RAR pages 45-48. For the reasons set forth below section 453A is inapplicable to this transaction and the additional tax related to that interest should be removed.

### FACTS

On December 20, 1991, Principal Life Insurance Company (Principal Life) sold commercial mortgage loans to Prudential Insurance Company of America (Prudential) and deferred the gain realized under the installment sale provisions of Section 453. On December 23, 1991, Principal Life sold the installment notes to a wholly owned subsidiary, Principal FC, Ltd., triggering the deferred gains under section 453B. The examining agent proposed computing interest under Section 453A on the deferred tax liability arising from the installment sale of the commercial mortgage loans to Prudential on December 20, 1991 and assessed additional tax related to that interest. Principal Life disagrees with this adjustment and makes this claim for refund.

### ANALYSIS

In the agent's notice of proposed adjustments, he stated that even though the installment obligation was sold in a deferred intercompany transaction, it remained an obligation subject to section 453A. Under IRC §453A(b), section 453A applies only to installment obligations that are outstanding at the close of a taxable year and only if all of such obligations exceed $5,000,000. It further provides that all members of the same controlled group are treated as one person for the purposes of determining whether section 453A applies. Under 453B, however, the disposition of the installment sale obligation to Principal FC, Ltd., precludes the application of 453A to this transaction.

Section 453B(a) provides that:

> If an installment obligation is satisfied at other than its face value or distributed, transmitted, sold, or otherwise disposed of, gain or loss shall result to the extent of the difference between the basis of the obligation and -

> (1) the amount realized, in the case of satisfaction other than face value or sale or exchange, or
>
> (2) the fair market value of the obligation at the time of distribution, transmission, or disposition, in the case of the distribution, transmission, or disposition otherwise than by sale or exchange.
>
> Any gain or loss so resulting shall be considered as resulting from the sale or exchange of the property in respect of which the installment obligation was received.

Under section 453B when Principal Life sold the installment obligation to Principal FC, Ltd., the deferred gain was triggered, Principal Life was no longer the owner of an installment obligation and Principal FC became the holder of a note receivable. Section 453A only applies to installment obligations. Since the obligation in the hands of Principal FC, Ltd., is a note receivable, the fact that Principal Life and Principal FC, Ltd., are treated as one person is irrelevant as the obligation is no longer one falling within the definition of an installment obligation to which section 453A applies.

The deferred gain which Principal Life would have recognized under section 453B continues to be deferred under Treasury regulation section 1.1502-13 as the sale to the subsidiary constitutes a deferred intercompany transaction and will be recognized as the payments are received by Principal FC, Ltd., from Prudential. Treasury regulation section 1.1502-13(e)(1) states:

> If an installment obligation (within the meaning of section 453(d)) is transferred in a deferred intercompany transaction, then on each date on which the obligation is satisfied the selling member shall take into account an amount equal to the deferred gain or loss on such transfer, multiplied by a fraction, the numerator of which is the portion of such obligation satisfied on such date, and the denominator of which is the aggregate unpaid installments immediately after the deferred intercompany transaction.

The examining agent cited to Treasury regulation section 1.1502-13(m)(3), example 2, item (iii), in support of the application of section 453A to this transaction. This example is not helpful in our situation, as it involves a different set of facts. In the example, a subsidiary sells property to its parent company which then sells the property to an unrelated third party in return for an installment obligation over $5 million, causing section 453A to be applied. In the transaction at issue, Principal Life received an installment obligation from a third party which it then sold to its subsidiary in a transaction in which gain would have been recognized but for the intercompany transaction rules, which cause the gain to continue to be deferred. In example 2, the sale is from the control group to an outside party whereas in this case the installment sale occurs between the outside party and Principal Life and the obligation is then sold by Principal Life to its subsidiary. Please explain why the result should differ.

That section 453A is inapplicable to the current situation is further shown by final regulations under section 1502, which were issued on July 12, 1995, to address the specific issue, in question. Under Treasury regulation section 1.1502-13(m), Example 6, section 453A is made applicable to

transactions such as the present situation occurring on or after July 12, 1995. The issuance of these regulations further amplifies that at the time of this transaction, section 453A was not applicable to the transaction and the examining agent's application of section 453A to the transaction is incorrect. If section 453A was applicable to the present situation in 1992 and 1993, there would have been no reason to issue the new regulations.

## CONCLUSION

Neither section 453A nor then current Treasury regulation section 1.1502-13 provides any basis for applying the interest charge on the sale of installment obligations to Principal FC, Ltd. Section 453A contains a single employer rule designed to consolidate all qualified installment obligations held by consolidated members for purposes of the $5,000,000 threshold, but is inapplicable where the installment obligation has been sold and the gain triggered under section 453B. The intercompany transaction regulations in effect at that time provided for the restoration of gain from the intercompany sale of the installment obligations but provided only a limited application of section 453A in a factual situation not applicable to Principal Life. It wasn't until final regulations were issued under section 1502 that the application of section 453A was broadened to include the type of transaction Principal Life executed in 1991. These regulations, however, are generally effective for transactions occurring in tax years beginning on or after July 12, 1995. Because section 453A is clearly inapplicable to this transaction, Taxpayer hereby requests a refund of $2,120,187.00 for tax year 1996 based upon removal of the additional tax on the interest on the deferred tax on the installment sale under section 453A of the Code.