IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 07-006T, 07-706T, and 08-135 T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANSWER to COMPLAINT IN FED. CL. NO. 08-135 T (Principal Life Insurance Company and Principal Financial Group, Inc., Plaintiffs, v. The United States, Defendant.)

For its answer to the complaint, defendant respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. States that the allegations contained in the first sentence of paragraph 1 constitute legal conclusions or arguments to which no response is required; denies the allegations contained in the second sentence of paragraph 1 that the taxes, interest, and penalties at issue were erroneously or improperly assessed or collected; states that the remainder of the allegations contained in the second sentence of paragraph 1 and the allegations contained in the third sentence of paragraph 1 constitute Plaintiffs'

characterization of their claims or legal conclusions or arguments to which no response is required; states that the allegations contained in the fourth sentence of paragraph 1 constitute legal conclusions or arguments to which no response is required, and that the Court's jurisdiction, to whatever extent it exists, is predicated on 28 U.S.C., § 1491.

2. Admits the allegations contained in the first and second sentences of paragraph 2; and states, with respect to the third and fourth sentences of paragraph 2 that no response is required to the extent that they constitute legal conclusions and that, to the extent they constitute allegations of fact, defendant is currently without knowledge or information sufficient to form a belief as to their truth.

3. Admits the allegations contained in the first sentence of paragraph 3; states that it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the second sentence of paragraph 3 that Principal Life Insurance Company is a wholly-owned second-tier subsidiary of Principal Financial Group Inc., and states that the remainder of the allegations contained in the second sentence of paragraph 3 constitute legal conclusions to which no response is required; and admits the allegations contained in the third sentence of paragraph 3.

4. States that the allegations contained in paragraph 4 constitute legal conclusion or argument to which no response is required.

5. Admits the allegations contained in paragraph 5.

6. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of

paragraph 6; states that the allegations contained in the second sentence of paragraph 6 constitute vague legal conclusions or arguments, or constitute plaintiffs' vague characterizations of their legal claims or other lawsuits, to which no response is required; and states that a suit pending in the United States District Court for the Southern District of Iowa, *Pritired 1, LLC, Principal Life Insurance Company, Tax Matters Partner, and Principal Life Insurance Company, Plaintiffs, v. United States of America, Defendant,* Civ. No. 4:08-cv-00082-JAJ-TJS (2008), may relate to whether there has been an overpayment of tax for at least one of the tax years, 2000, at issue in the present suit.

7. States that it is currently without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 that more than six months have elapsed since the filing of the four refund claims identified in this Answer and that no certified or registered notice of disallowance of any of the four claims has been received by Principal from the IRS, and states that the remaining allegations contained in paragraph 8 (including the allegation "referred to herein") constitute legal conclusions or argument to which no response is required.

9. Restates and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 8.

10. States that the allegations contained in the first sentence of paragraph 10 constitute legal conclusions to which no response is required; admits the allegations contained in the second sentence of paragraph 10 that Principal Mutual Holding Company

filed a consolidated federal income tax return for the taxable year 1999 with the IRS and that the time for filing such return was extended; states that the allegations contained in the second sentence of paragraph 10 that the return was "timely filed" and that the return was filed "for the affiliated group" constitute conclusions of law to which no response is required; states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of paragraph 10; and admits the allegations contained in the third sentence of paragraph 10 that the name, address, and identification number appearing on the consolidated return filed by Principal Mutual Holding Company for the taxable year 1999 were as stated in the complaint.

11. Admits the allegations contained in the first sentence of paragraph 11 that Principal Mutual Holding Company's 1999 income tax return showed (i.e. reported) consolidated federal income tax liability for that year of $203,048,592; and states that the remaining allegation in the first sentence of paragraph 11 regarding the existence of an "affiliated group" constitutes a legal conclusion to which no response is required. Admits the allegations contained in the second sentence of paragraph 11 that Principal Mutual Holding Company made payments to the IRS fully satisfying the amount of income tax liability shown on its 1999 income tax return; states that the allegation contained in the second sentence of paragraph 11 regarding the timeliness of such payments constitutes a legal conclusion to which no response is required; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining

allegation contained in the second sentence of paragraph 11 that payment was by electronic transfer.

12. Admits the allegations contained in paragraph 12, except states that the notice was issued to Principal Life Insurance Company and that the notice reflected determinations, not claims, that Principal Life Insurance Company owed additional tax and penalties.

13. With respect to the allegations contained in the first sentence of paragraph 13, defendant states that on or about January 13, 2005, following issuance by the IRS of a statutory notice of deficiency for 1996-2000, Principal remitted to the IRS $444,000,000 with the request that the remittance be treated as a deposit in the nature of a cash bond and with the request that $202,000,000 of such remittance be treated as a deposit in the nature of a cash bond with respect to 1999; and states that the allegation that the remittance of $202,000,000 for 1999 was a “deposit” is a legal conclusion to which no response is required. With respect to the allegations contained in the second sentence of paragraph 13, admits that $202,000,000 of the $444,000,000 (remitted on or about January 13, 2005) was applied as a payment of taxes in the amount of $164,888,638, penalties in the amount of $10,848,700, and interest in the amount of $26,262,662, determined by the IRS to be due for 1999; and states that the allegation regarding the date (“[o]n or about January 28, 2005”) the remittance was applied as a payment constitutes a legal conclusion to which no response is required.

14. With respect to the allegations contained in the first sentence of paragraph

14, admits that Principal Life Insurance Company "as designated agent for Principal Mutual Holding Company" filed with the IRS an amended return/claim for refund of 1999 income taxes dated January 25, 2007, seeking refund of federal income taxes paid for 1999 in the amount of $6,850,759, plus interest allowable by law; states that the allegations contained in the first sentence of paragraph 14 regarding the "timely" filing of the refund claim and the date on which the refund claim was filed incorporate conclusions of law to which no response is required; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 14. Admits the allegations contained in the second sentence of paragraph 14 that the name, address, and identification number appearing on the 1999 refund claim dated January 25, 2007, were as stated in the complaint. States that the allegations contained in the third sentence of paragraph 14 constitute legal argument to which no response is required. Admits the allegations in the fourth sentence of paragraph 14 that a copy of a portion of the amended return for 1999 dated January 25, 2007, was filed with the complaint as a part of Appendix I, and that such portion includes schedules and narratives; states that the allegations in the fourth sentence of paragraph 14 regarding relevance are legal conclusions to which no response is required.

15. Admits the allegations contained in paragraph 15 that Principal's amended return for 1999 dated January 25, 2007, has not been disallowed in whole or in part by the IRS and that the IRS has not allowed any portion of such claim, and states that it currently

is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 15 and that such allegations include legal argument and incorporate legal conclusions to which no response is required.

16. Admits the allegations contained in paragraph 16 that the IRS has not allowed portions of Principal's amended return for 1999 dated January 25, 2007; states that the allegations contained in paragraph 16 regarding "failure and refusal" and regarding portions of refund claims and what is referred to in paragraph 16 constitute legal argument to which no response is required; denies the allegations contained in paragraph 16 that actions of the IRS were wrongful, erroneous, illegal, or resulted from errors; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 and that such allegations include legal argument and incorporate legal conclusions to which no response is required.

(a)-(j) With respect to the allegations contained in paragraphs 16(a)-16(j), admits that the IRS has not allowed any portion of Principal's amended return for 1999 dated January 25, 2007; denies each and every allegation of error; in the alternative, states that the allegations contained in paragraphs 16(a)-16(j) constitute legal conclusions, legal argument, and/or Principal's characterization of the claims set forth in the amended return for 1999 dated January 25, 2007, to which no response is required.

17. With respect to the allegations contained in the first and second sentences of paragraph 17, admits that Principal Life Insurance Company "as designated agent for

Principal Mutual Holding Company" filed with the IRS an amended return/claim for refund of 1999 income taxes dated January 25, 2007, seeking refund of federal income taxes paid for 1999 in the amount of $118,562,128, plus interest allowable by law (when this amended return/claim for refund is referred to in this Answer, it will be preceded by the label "second"); states that the allegations regarding the "timely" filing of the second refund claim and the date on which the second refund claim was filed are conclusions of law to which no response is required, and that the characterization of the second 1999 refund claim dated January 25, 2007 as the "Second 1999 Amended Return/Claim for Refund" is merely a label for identification purposes, without legal effect; states that the allegation regarding carrybacks as the basis of the second refund claim constitutes a legal conclusion or legal characterization of the second refund claim to which no response is required; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of remaining allegations contained in the first and second sentences of paragraph 17. Admits the allegations contained in the third sentence of paragraph 17 that the name, address, and identification number appearing on the second 1999 refund claim dated January 25, 2007, were as stated in the complaint (except states that the zip code on the second refund claim was 50392-0350). States that the allegations contained in the fourth sentence of paragraph 17 constitute legal argument to which no response is required. Admits the allegations in the fifth sentence of paragraph 17 that a copy of a portion of the second amended return for 1999 dated January 25, 2007, was filed with the complaint as a part of Appendix I, and that such portion includes narratives

(but denies that such portion includes schedules); states that the allegations in the fifth sentence of paragraph 17 regarding relevance are legal conclusions to which no response is required.

18. Admits the allegations contained in paragraph 18 that Principal's second amended return for 1999 dated January 25, 2007, has not been disallowed in whole or in part by the IRS and that the IRS has not allowed any portion of such claim; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 18, and that such allegations include legal argument and incorporate legal conclusions to which no response is required.

19. Admits the allegations contained in paragraph 19 that the IRS has not allowed portions of Principal's second amended return for 1999 dated January 25, 2007; states that the allegations contained in paragraph 19 regarding "failure and refusal" and regarding portions of refund claims and what is referred to in paragraph 19 constitute legal argument to which no response is required; denies the allegations contained in paragraph 19 that actions of the IRS were wrongful, erroneous, illegal, or resulted from errors; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 19 and that such allegations include legal argument and incorporate legal conclusions to which no response is required.

(a)-(b) With respect to the allegations contained in paragraphs 19(a)-19(b), admits that the IRS has not allowed any portion of Principal's second amended return for 1999

dated January 25, 2007; denies each and every allegation of error; in the alternative, states that the allegations contained in paragraph 19(a)((1)-(2)), (b)((1)-(6)) constitute legal conclusions, legal argument, and/or Principal's characterization of the claims set forth in the second amended return for 1999 dated January 25, 2007, to which no response is required.

20. Admits the allegations contained in paragraph 20 that the IRS has not allowed any portion of Principal's amended return for 1999 dated January 25, 2007, and has not allowed any portion of Principal's second amended return for 1999 dated January 25, 2007; states that the allegations contained in paragraph 20 regarding attribution and "failure and refusal" are legal argument to which no response is required; states that, with respect to allegations incorporated into paragraph 20 ("Principal's 1999 Amended Returns/Claims for Refund"), it currently is without knowledge or information sufficient to form a belief as to the truth of such allegations and that such allegations incorporate legal conclusions to which no response is required; and denies the remaining allegations contained in paragraph 20, including denies that Principal has overpaid taxes, penalty, and interest or that any amount is due and owing.

21. With respect to the allegations contained in paragraph 21, states that on or about January 13, 2005, following issuance by the IRS of a statutory notice of deficiency for 1996-2000, Principal remitted to the IRS $444,000,000 with the request that the remittance be treated as a deposit in the nature of a cash bond and with the request that $202,000,000 of such remittance be treated as a deposit in the nature of a cash bond with

respect to 1999; admits that $202,000,000 of the $444,000,000 (remitted on or about January 13, 2005) was applied as a payment of taxes in the amount of $164,888,638, penalties in the amount of $10,848,700, and interest in the amount of $26,262,662, determined by the IRS to be due for 1999; denies that any amount is now due and owing to Principal; and states that the remaining allegations contained in paragraph 21 are legal conclusions or argument to which no response is required.

22. Restates and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 8.

23. States that the allegations contained in the first sentence of paragraph 21 constitute legal conclusions to which no response is required; admits the allegations contained in the second sentence of paragraph 21 that Principal Mutual Holding Company filed a consolidated federal income tax return for the taxable year 2000 with the IRS and that the time for filing such return was extended; states that the allegations contained in the second sentence of paragraph 21 that the return was "timely filed" and that the return was filed "for the affiliated group" constitute conclusions of law to which no response is required; states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of paragraph 21; and admits the allegations contained in the third sentence of paragraph 21 that the name, address, and identification number appearing on the consolidated return filed by Principal Mutual Holding Company for the taxable year 2000 were as stated in the complaint.

24. Admits the allegations contained in the first sentence of paragraph 24 that Principal Mutual Holding Company's 2000 income tax return showed (i.e. reported) consolidated federal income tax liability for that year of $158,011,881; and states that the remaining allegations contained in the first sentence of paragraph 24 constitute legal conclusions to which no response is required. Admits the allegations contained in the second sentence of paragraph 24 that Principal Mutual Holding Company made payments to the IRS fully satisfying the amount of income tax liability shown on its 2000 income tax return; states that the allegation contained in the second sentence of paragraph 24 regarding the timeliness of such payments constitutes a legal conclusion to which no response is required; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegation in the second sentence of paragraph 24 that payment was by electronic transfer.

25. Admits the allegations contained in paragraph 25, except states that the notice was issued to Principal Life Insurance Company and that the notice reflected determinations, not claims, that Principal Life Insurance Company owed additional tax and penalties.

26. With respect to the allegations contained in the first sentence of paragraph 26, states that on or about January 13, 2005, following issuance by the IRS of a statutory notice of deficiency for 1996-2000, Principal remitted to the IRS $444,000,000 with the request that the remittance be treated as a deposit in the nature of a cash bond and with the request that $153,300,000 of such remittance be treated as a deposit in the nature of a

cash bond with respect to 2000; and states that the allegation that the remittance of $153,300,000 for 2000 was a "deposit" is a legal conclusion to which no response is required. With respect to the allegations contained in the second sentence of paragraph 26, admits that $153,300,000 of the $444,000,000 (remitted on or about January 13, 2005) was applied as a payment of taxes in the amount of $129,256,136, penalties in the amount of $7,294,419, and interest in the amount of $17,277,976, determined by the IRS to be due for 2000; and states that the allegation regarding the date (on or about January 28, 2005) the remittance was applied as a payment constitutes a legal conclusion to which no response is required.

27. With respect to the allegations contained in the first sentence of paragraph 27, admits that Principal Life Insurance Company "as designated agent for Principal Mutual Holding Company" filed with the IRS an amended return/claim for refund of 2000 income taxes dated January 25, 2007, seeking refund of federal income taxes paid for 2000 in the amount of $37,013,392, plus interest allowable by law; states that the allegations contained in the first sentence of paragraph 27 regarding the "timely" filing of the refund claim and the date on which the refund claim was filed are conclusions of law to which no response is required; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 27. Admits the allegations contained in the second sentence of paragraph 27 that the name, address, and identification number appearing on the 2000 refund claim dated January 25, 2007, were as stated in the

complaint. States that the allegations contained in the third sentence of paragraph 27 constitute legal argument to which no response is required. Admits the allegations in the fourth sentence of paragraph 27 that a copy of a portion of the amended return for 2000 dated January 25, 2007, was filed with the complaint as a part of Appendix II, and that such portion includes schedules and narratives; states that the allegations in the fourth sentence of paragraph 27 regarding relevance are legal conclusions to which no response is required.

28. Admits the allegations contained in paragraph 28 that Principal's amended return for 2000 dated January 25, 2007, has not been disallowed in whole or in part by the IRS and that the IRS has not allowed any portion of such claim, and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 28 and that such allegations include legal argument and incorporate legal conclusions to which no response is required.

29. Admits the allegations contained in paragraph 29 that the IRS has not allowed portions of Principal's amended return for 2000 dated January 25, 2007; states that the allegations contained in paragraph 29 regarding "failure and refusal" and regarding portions of refund claims and what is referred to in paragraph 29 constitute legal argument to which no response is required; denies the allegations contained in paragraph 29 that actions of the IRS were wrongful, erroneous, illegal, or resulted from errors; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 29 and that such

allegations include legal argument and incorporate legal conclusions to which no response is required.

(a)-(j) and second (i) With respect to the allegations contained in paragraphs 29(a)-29(j) and 29(second (i)), admits that the IRS has not allowed any portion of Principal's amended return for 2000 dated January 25, 2007; denies each and every allegation of error; in the alternative, states that the allegations contained in paragraphs 29(a)-29(j) and 29 (second (i)) constitute legal conclusions, legal argument, and/or Principal's characterization of the claims set forth in their amended return for 2000 dated January 25, 2007, to which no response is required.

30. Admits the allegations contained in paragraph 30 that the IRS has not allowed any portion of Principal's amended return for 2000 dated January 25, 2007; states that the allegations contained in paragraph 30 regarding attribution and "failure and refusal" are legal argument to which no response is required; states that, with respect to allegations incorporated into paragraph 30 ("Principal's 2000 Amended Return/Claim for Refund"), it currently is without knowledge or information sufficient to form a belief as to the truth of such allegations and that such allegations incorporate legal conclusions to which no response is required; and denies the remaining allegations contained in paragraph 30, including denies that Principal has overpaid taxes, penalty, and interest or that any amount is due and owing.

31. With respect to the allegations contained in paragraph 31, states that on or about January 13, 2005, following issuance by the IRS of a statutory notice of deficiency

for 1996-2000, Principal remitted to the IRS $444,000,000 with the request that the remittance be treated as a deposit in the nature of a cash bond and with the request that $153,300,000 of such remittance be treated as a deposit in the nature of a cash bond with respect to 2000; admits that $153,300,000 of the $444,000,000 (remitted on or about January 13, 2005) was applied as a payment of taxes in the amount of $129,256,136, penalties in the amount of $7,294,419, and interest in the amount of $17,277,976, determined by the IRS to be due for 2000; denies that any amount is now due and owing to Principal; and states that the remaining allegations contained in paragraph 31 are legal conclusions or argument to which no response is required.

32. Restates and incorporates by reference herein its responses to the allegations contained in paragraphs 1 through 8.

33. States it currently is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in the first sentence of paragraph 33 that a corporate reorganization occurred in 2001, and states that the remaining allegations contained in the first sentence of paragraph 33 constitute legal conclusions to which no response is required; admits the allegations contained in the second sentence of paragraph 33 that, on or about March 20, 2002, Principal Financial Group, Inc. filed a consolidated federal income tax return for the taxable year 2001 with the IRS; states that the allegations contained in the second sentence of paragraph 33 that the return was “timely filed” and that the return was filed “for the affiliated group” constitute conclusions of law to which no response is required; states that it currently is without knowledge or

information sufficient to form a belief as to the truth of the remaining allegations contained in the second sentence of paragraph 33; and admits the allegations contained in the third sentence of paragraph 33 that the name, address, and identification number appearing on the consolidated return filed by Principal Financial Group, Inc. for the taxable year 2001 were as stated in the complaint.

34. Admits the allegations contained in the first sentence of paragraph 34 that Principal Financial Group, Inc.'s 2001 income tax return showed (i.e. reported) a consolidated net operating loss of $313,802,051, a short-term capital loss of $276,512,861, and a long-term capital loss of $203,344,955; and states that the remaining allegations contained in the first sentence of paragraph 34 constitute legal conclusions to which no response is required. States that the allegations contained in the second sentence of paragraph 34 constitute legal conclusions/argument to which no response is required.

35. Admits the allegations contained in the first sentence of paragraph 35 that, on or about September 13, 2002, Principal Financial Group, Inc. filed an additional or amended consolidated federal income tax return for the taxable year 2001 with the IRS; states that the allegations contained in the first sentence of paragraph 35 that the return was filed "for the affiliated group" and was a "superseding" return constitute conclusions of law to which no response is required; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in the first sentence of paragraph 35. Admits the allegations contained in the

second sentence of paragraph 35 that the name, address, and identification number appearing on the additional or amended return filed by Principal Financial Group, Inc. for the taxable year 2001 were as stated in the complaint.

36. Admits the allegations contained in the first sentence of paragraph 36 that the 2001 income tax return plaintiff refers to showed (i.e. reported) a consolidated net operating loss of $351,079,591, a short-term capital loss of $277,153,935, and a long-term capital loss of $261,108,908; and states that the allegation characterizing the return as a "superseding" return constitutes a legal conclusion to which no response is required. States that the allegations contained in the second sentence of paragraph 36 constitute legal conclusions/argument to which no response is required.

37. Admits the allegations contained in paragraph 37, except states that the notice was issued to Principal Financial Group, Inc. and that the notice reflected determinations, not claims, that Principal Financial Group, Inc. owed additional tax.

38. With respect to the allegations contained in paragraph 38, admits that Principal Financial Group, Inc. paid the federal income taxes determined to be due for 2001 in the amount of $1,030,548 plus interest, and that, on March 30, 2005, Principal Financial Group, Inc. remitted $1,275,578 to the Internal Revenue Service; states that the allegations that the remittance was a payment on March 30, 2005, constitute conclusions of law to which no response is required; denies that the amount of interest paid by Principal Financial Group, Inc. for 2001 amounted to $245,030; and states that the remaining allegations contained in paragraph 38 constitute conclusions of law to which

no response is required.

39. With respect to the allegations contained in the first sentence of paragraph 39, admits that Principal Financial Group, Inc. filed with the IRS an amended return/claim for refund of 2001 income taxes dated January 25, 2007, seeking refund of federal income taxes paid for 2001 in the amount of $1,030,548, plus interest allowable by law; states that the allegations regarding the "timely" filing of the refund claim and the date on which the refund claim was filed are conclusions of law to which no response is required; and states that it currently is without knowledge or information sufficient to form a belief as to the remaining allegations contained in the first sentence of paragraph 39. Admits the allegations contained in the second sentence of paragraph 39 that the name, address, and identification number appearing on the 2001 refund claim dated January 25, 2007, were as stated in the complaint (except states that the identification number on the 2001 refund claim was 42-1520346 and the "f/k/a Principal Mutual Life Insurance Company" identifier was not on the face of the 1120 2001 refund claim). States that the allegations contained in the third sentence of paragraph 39 constitute legal argument to which no response is required. Admits the allegations contained in the fourth sentence of paragraph 39 that a copy of a portion of the amended return for 2001 dated January 25, 2007, was filed with the complaint as a part of Appendix III, and that such portion includes schedules and narratives; states that the allegations contained in the fourth sentence of paragraph 39 regarding relevance are legal conclusions to which no response is required.

40. Admits the allegations contained in paragraph 40 that Principal's amended return for 2001 dated January 25, 2007, has not been disallowed in whole or in part by the IRS and that the IRS has not allowed any portion of such claim; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 40 and that such allegations include legal argument and incorporate legal conclusions to which no response is required.

41. Admits the allegations contained in paragraph 41 that the IRS has not allowed Principal's amended return for 2001 dated January 25, 2007; states that the allegations contained in paragraph 41 regarding "failure and refusal" constitute legal argument to which no response is required; denies the allegations contained in paragraph 41 that actions of the IRS were wrongful, erroneous, illegal, or resulted from errors; and states that it currently is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 41 and that such allegations include legal argument and incorporate legal conclusions to which no response is required.

(a)-(e) With respect to the allegations contained in paragraphs 41(a)-41(e), admits that the IRS has not allowed Principal's amended return for 2001 dated January 25, 2007; denies each and every allegation of error; in the alternative, states that the allegations contained in paragraphs 41(a), (b), (c), (d)(1)-(6), and (e)(1)-(2) constitute legal conclusions, legal argument, and/or Principal's characterization of the claims set forth in the amended return for 2001 dated January 25, 2007, to which no response is required.

42. Admits the allegations contained in paragraph 42 that the IRS has not allowed Principal's amended return for 2001 dated January 25, 2007; states that the allegations contained in paragraph 42 regarding "facts and grounds" and "failure and refusal" are legal argument to which no response is required; states that, with respect to allegations incorporated into paragraph 42 ("Principal's 2001 Amended Return/Claim for Refund"), it currently is without knowledge or information sufficient to form a belief as to the truth of such allegations and that such allegations incorporate legal conclusions to which no response is required; and denies the remaining allegations contained in paragraph 42, including denies that Principal has overpaid taxes, penalty, and interest or that any amount is due and owing.

ADDITIONAL DEFENSES

43. For each of plaintiff's tax years 1999, 2000, 2001, the IRS allowed as deductions the interest paid for each year pursuant to Internal Revenue Code § 453A. In the event plaintiff were to prevail on the § 453A issue in this suit, any potential recovery must be reduced (offset) by the additional tax resulting from the concomitant elimination of the deductions allowed for those interest payments.

44. Any potential recovery by plaintiff in this suit is subject to the amount limitations imposed under Internal Revenue Code § 6511(b) and/or (c).

45. Any potential recovery by plaintiff in this suit must be reduced (offset) by any additional tax computed to be owing by plaintiff under the Internal Revenue Code as a result of the Court's determination of the issues raised in the complaint.

46. If, as a result of the Court's determination of the issues raised in the complaint, any additional tax is computed to be owing by plaintiff under the Internal Revenue Code as to which assessment is barred by the statute of limitations, that amount must be recouped against any recovery to which plaintiff would otherwise be entitled as a result of the Court's determination.

47. All assessments of income tax, interest and penalty for 1999 and 2000 were timely. If any part of Plaintiff's $444,000,000 remittance (remitted on or about January 13, 2005) constitutes a payment of federal income tax, interest and/or penalty for 1999 or 2000 as of January 28, 2005, such payment was collected by the IRS within the period for assessment and the United States has the right to retain it. If all or any part of such remittance constitutes a deposit in the nature of a cash bond as of January 28, 2005, subsequent assessments of 1999 and 2000 income tax, interest, and penalty were timely.

48. If any part of Plaintiff's $444,000,000 remittance (remitted on or about January 13, 2005) constitutes a payment of federal income tax, interest, and/or penalty for 1999 or 2000 as of January 28, 2005, Plaintiff's returns/claims for refund for 1999 and 2000 dated January 25, 2007, were filed untimely, outside the period of limitations in 26 U.S.C. § 6511(a).

49. Any potential recovery in this suit of tax, penalty, and interest for the 2000 tax year is limited to the amount of tax, penalty, and interest Principal has actually paid for that year.

Wherefore, the complaint should be dismissed, with costs assessed against the

plaintiff.

Respectfully submitted,

s/ *Bart D. Jeffress*

BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496

NATHAN J. HOCHMAN
Assistant Attorney General
DAVID GUSTAFSON
Chief, Court of Federal Claims Section
STEVEN I. FRAHM
Assistant Chief, Court of Federal Claims Section

s/ *Steven I. Frahm*

Of Counsel

May 12, 2008