IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 07-006 T, 07-706 T, and 08-135 T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

JOINT DISCOVERY PLAN

Pursuant to the Court's Order [Doc. #29], the parties hereby provide the following joint discovery plan.

## I. Overall Schedule for Completion of Discovery, including Briefing Schedule on Issues Involving Jurisdiction or Validity of Assessments, Provision for Preservation of Evidence, and Discussion of Phased Discovery

After the telephonic conference with the Court on June 20, 2008, counsel of record met and conferred in person on two occasions to discuss further proceedings in this case. As a result of those conferences and other communications, the parties propose a two-part discovery plan. Part One provides for discovery and briefing of dispositive motions on claims involving jurisdiction and validity of assessments, while simultaneously permitting third-party document discovery to preserve evidence. If Part One does not dispose of the case, Part Two provides for discovery, phased according to independent substantive tax issues.

At issue in Part One will be plaintiffs' "untimely assessment" claims and defendant's contention that one or more of plaintiffs' administrative claims for refund may have been filed outside the two-year period of limitation set forth in 26 U.S.C. § 6511(a). Regarding both, the parties propose a short period of discovery, followed by briefing of dispositive motions.[1]

Accordingly, the parties propose the following schedule for Part One of the overall discovery plan:

1. On or before February 27, 2009, discovery on plaintiffs' "untimely assessment" claims and defendant's jurisdictional claims will be completed;

2. Any motion for summary judgment by plaintiffs in support of their "untimely assessment" claims, and any motion to dismiss by defendant based on its jurisdictional claim, will be filed on or before April 10, 2009;

3. If either or both such motions are filed, on or before May 15, 2009, defendant files an opposition/cross-motion to plaintiffs' motion for summary judgment, and plaintiffs file an opposition to defendant's motion to dismiss;

4. On or before June 5, 2009, plaintiffs file a reply in support of their motion for summary judgment, and defendant files a reply in support of its motion to dismiss; and

[1] Defendant identified a second jurisdictional issue in the JPSR [Doc. #27 p.2] - that the Court lacked jurisdiction over a claim for refund of 1998 taxes with respect to guarantee fund assessments, because no refund claim for such issue was filed. The parties believe they might resolve this issue without judicial intervention, and therefore do not propose that it be litigated in Part One. Should the parties be unable to resolve the issue, the failure to litigate it in Part One will have minimal impact on proceedings in this case, as the issue, if decided in favor of defendant, would not wholly dispose of any substantive tax issue, and the amount of tax involved is quite small relative to the overall amounts at stake in this case.

5. To preserve evidence during the period of briefing, any oral argument, and ruling on the assessment and jurisdiction claims, the parties may, if desired, conduct third-party document discovery pursuant to RCFC 45 on all issues.

If a ruling at the end of Part One does not dispose of the case, at issue in Part Two will be the numerous substantive tax issues raised by plaintiffs' complaints. Those issues were identified by the parties in a preliminary manner in the JPSR [Doc. #27 pp. 5-6 and 8-12]. Because most of the issues appear to be independent of one another, involving different underlying facts, the parties believe a phased discovery plan is possible, providing for a separate discovery schedule for each independent issue or subgroup of issues. Under a phased approach, the parties envision that separate fact discovery periods would begin simultaneously, but would end at different times.

At present, however, the parties believe it is premature to propose a detailed phased discovery schedule, as they have no control over the timing of any oral argument or a ruling to conclude Part One. Accordingly, the parties propose that, within 45 days after a ruling on the assessment and jurisdictional issues of Part One (if such ruling does not dispose of the case), they submit a joint status report, proposing a detailed phased discovery plan for the substantive tax issues raised by plaintiffs' complaints.[2]

[2] Related to the overall discovery plan for this case, on August 28, 2008, plaintiffs filed with the court their complaint to initiate suit for the tax years 2002 and 2003, and plaintiffs also intend (with consent of defendant or upon approval of the Court) to amend the complaints filed in Fed. Cl. No. 07-706 T and Fed. Cl. No. 08-135 T, to raise the issue of whether an overpayment of tax exists for two tax years in suit, 1997 and 2000, as a result of carrybacks from 2002 and 2003. *See* JPSR [Doc. #27 p. 2]. When those filings are made, it is likely that defendant will join plaintiffs in seeking consolidation of the 2002 and 2003 tax year suits with the present consolidated case. If consolidation is granted, the parties envision that they would address merger of their present discovery proposal with a discovery proposal for the claims raised by plaintiffs' amendments and new complaint.

## II. Electronically Stored Information

The parties do not believe that, at this juncture, there is need for any special provisions or agreements regarding discovery of electronically stored information. Defendant's attorney of record and plaintiffs' attorney of record have discussed in detail the discovery plaintiffs believe they need, and plaintiffs, at the solicitation of defendant, have provided unsigned drafts of anticipated discovery requests. Based on those communications and draft requests, which drafts defendant's attorney of record transmitted to IRS counsel, defendant has been and remains in the process of collecting responsive materials from the IRS, whether electronically stored or not. Defendant has provided some of those materials to plaintiffs, without need of a formal discovery request, and, with respect to others, will provide or withhold them in response to a formal request, as permitted by RCFC or otherwise by law.

Regarding electronically stored information in plaintiffs' possession relevant to the claims or defenses of the parties, plaintiffs represent that they believe they have already collected and preserved it, and will provide or withhold it in response to a formal discovery request, as permitted by RCFC or otherwise by law.

As to form of production of electronically stored information, the parties believe the procedural protections of RCFC 34(b) are sufficient at the present time.

## III. Extent of Fact and Expert Discovery

**Plaintiffs' Statement:** While plaintiffs anticipate the need for some discovery, they believe that the extent of their discovery will be much more limited than that referred to by the defendant below, and, accordingly, the phased discovery periods permitted by the Court for the defendant will likely enable plaintiffs to complete their required discovery during the same

periods. Plaintiffs object to and vigorously dispute the adjectives and characterizations used by the Defendant in its statement that follows, such as “enormous tax benefits,” which fails to take into account the total taxes paid by plaintiffs for the years in suit, and “tax shelters” in referring to plaintiffs’ investment transactions that are at issue.

**Defendant’s Statement:** As explained in the JPSR [Doc. #27 at pp. 8-12], defendant believes it requires an extraordinary amount of discovery to have a fair opportunity to properly and fully investigate the enormous tax benefits plaintiffs seek from five voluminous and complex tax shelter transactions (three presently in suit and two in plaintiffs’ anticipated amendments and new complaints), in addition to at least four other apparently independent tax issues. Defendant adheres to its prior statement, and believes that an overall two-year period for fact discovery in Part Two of the parties’ discovery plan is necessary, if a ruling at the end of Part One does not dispose of this case, even though phased discovery will allow for shorter discovery periods for some issues.

As to the nature of that discovery, defendant believes it will largely consist of obtaining and digesting all possibly relevant documents on each tax issue, and then identifying and deposing all possibly relevant individuals and entities, in addition to use of interrogatories and requests for admissions. Because the universe of possibly relevant documents will likely number in the hundreds of thousands of pages, the initial phase of document collection and review will consume considerable time, before the first deposition may be properly taken.

Once defendant is prepared to take meaningful and useful depositions, its deposition phase will itself be long and exhausting. The number of depositions necessary to develop defendant’s case is conservatively estimated by it at 50. Plaintiffs disclosed twenty-seven

individuals of interest in their initial disclosures, and defendant at present intends to take the depositions of twenty-five of them. In addition, defendant intends at present to depose plaintiffs and others of the numerous third parties involved in this case (for an incomplete preliminary list, see JPSR [Doc. #27 at 8-12]) pursuant to RCFC 30(b)(6) or otherwise. Accordingly, in the JPSR, defendant requested relief from the default limit on depositions, seeking approval at the outset of the case for up to 50 depositions during the fact discovery period, in addition to depositions during expert discovery to depose any of plaintiffs' expert witnesses.

(Plaintiffs' Statement: Plaintiffs do not oppose defendant's request because plaintiffs believe the defendant itself will conclude that it does not need to take 50 depositions).

**Joint Statement on Expert Discovery:** The parties expect that expert discovery will proceed in customary fashion, beginning with exchanges of expert and rebuttal expert reports, followed by document requests with respect to and depositions of the experts. At this juncture, prior to any discovery, the parties cannot state with certainty how many experts each expects to employ or exactly how long a period of expert discovery will be necessary, but they do believe their initial forecast of a seven-month expert discovery period after completion of all fact discovery constitutes a reasonable early estimate (JPSR [Doc. #27 p. 12]).

Plaintiffs' attorney has authorized defendant's attorney to sign this joint discovery plan on his behalf.

Respectfully submitted,

08/29/2008 s/Bruce Graves by s/Bart D. Jeffress
Date

BRUCE GRAVES
Brown, Winick, Graves, Gross, Baskerville and Schoenebaum, PLC
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515/242-2400
Facsimile: 515/283-0231
Email: *graves@brownwinick.com*

OF COUNSEL:
William C. Brown, Esq.
John D. Schmidt, Esq.

Attorneys for Plaintiffs

08/29/2008 s/Bart D. Jeffress
Date

BART D. JEFFRESS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Post Office
Washington, D.C. 20044
(202) 307-6496
(202) 514-9440 (fax)

NATHAN J. HOCHMAN
Assistant Attorney General
STEVEN I. FRAHM
Acting Chief, Court of Federal Claims Section

08/29/2008 s/Mary M. Abate
Date

Of Counsel
Attorneys for Defendant