**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| PRINCIPAL LIFE INSURANCE COMPANY,<br><br>and<br><br>PRINCIPAL FINANCIAL GROUP, INC.<br><br>Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | : | CIVIL NO. 07-006T<br>(Judge Francis M. Allegra)<br><br>AMENDMENTS TO COMPLAINTS |

In these consolidated cases, Nos. 07-006T, 07-706T, and 08-135T, Plaintiffs hereby amend the Complaints filed therein as follows:

**<u>No. 07-006</u>**
**(Taxable Year 1996)**

**1.** Plaintiffs' Complaint in No. 07-006, as previously amended by Plaintiff's First Amendment, is hereby further amended as follows:

**a.** By deleting paragraph 24 as it now appears and substituting in lieu thereof the following:

"On January 13, 2005, following issuance by the Internal Revenue Service of a statutory notice of deficiency in which the

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

Service claimed Principal owed additional taxes for 1996 in the amount of $8,806,758 plus penalty in the amount of $961,609, Principal remitted to the Internal Revenue Service a deposit for 1996 in the total amount of $11,000,000. On January 28, 2005, Principal delivered a letter to the Internal Revenue Service requesting that it apply such deposit, together with other funds remitted by it, in the aggregate amount of $11,801,071, to the payment of the additional taxes and penalties claimed by the Internal Revenue Service in its statutory notice of deficiency to be due for 1996, plus interest thereon in the amount of $2,032,704. Such request by Principal on January 28, 2005 constituted a payment of tax or a payment in respect of a tax within the meaning of Section 6213(b)(4) of the Internal Revenue Code."

**b.** By deleting paragraph 29 as it now appears and substituting in lieu thereof the following:

"In the alternative, Plaintiff states that the remittance made by it on January 13, 2005 referred to in paragraph 24 above was a deposit in the nature of a cash bond in accordance with Section 6603 of the Internal Revenue Code and Revenue Procedure 94-58,

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

that Principal's request on January 28, 2005 that such deposit be applied to payment of the taxes and penalties claimed by the Internal Revenue Service in its statutory notice of deficiency to be due for 1996 was predicated on the imminent legal assessment of such additional taxes and penalties for 1996 by the Internal Revenue Service, that the ultimate assessment, if any, of such taxes and penalties for 1996, and the deficiency interest relating thereto, made by the Internal Revenue Service was made illegally by virtue of having occurred after the expiration of the applicable statute of limitations, and that, accordingly, such payment made by Principal on January 28, 2005 constitutes an overpayment within the meaning of Section 6401(a) and Principal is now entitled to have such overpayment refunded to it under Section 6402(a) of the Internal Revenue Code."

**No. 07-706T**
**(Taxable Years 1997-1998)**

**2.** Plaintiffs' Complaint in No. 07-706T is hereby amended as follows:

**a.** By deleting paragraph 13 as it now appears and substituting in lieu thereof the following:

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

"On January 13, 2005, following issuance by the Internal Revenue Service of a statutory notice of deficiency in which the Service claimed Principal owed additional taxes for 1997 in the amount of $22,097,933 plus penalty in the amount of $780,951, Principal remitted to the Internal Revenue Service a deposit for 1997 in the total amount of $26,100,000. On January 28, 2005, Principal delivered a letter to the Internal Revenue Service requesting that it apply $24,607,315 of such deposit to the payment of the additional taxes and penalties claimed by the Internal Revenue Service in its statutory notice of deficiency to be due for 1997, plus interest thereon in the amount of $1,728,430. Such request by Principal on January 28, 2005 constituted a payment of tax or a payment in respect of a tax within the meaning of Section 6213(b)(4) of the Internal Revenue Code."

**b.** By adding after paragraph 17 thereof the following new paragraphs:

"17.1. On or about February 12, 2008, in order to carry back a net operating loss from 2002, Principal Life timely filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a third Amended Return/Claim for Refund of 1997 income taxes

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

("Third 1997 Amended Return/Claim for Refund" and, together with the 1997 Amended Returns/Claims for Refund referred to in paragraphs 11 and 15, the "1997 Amended Returns/Claims for Refund"), seeking refund of federal income taxes and penalties paid for 1997 in the amount of $16,890,298, plus interest allowable by law. The name, address, and identification number appearing on such Third 1997 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
711 High Street
Des Moines, Iowa 50309-0350
Identification Number: 42-0127290

A copy of the relevant portion of such Third 1997 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a Supplement to Appendix I, marked Exhibit C, and by this reference is made a part hereof.

17.2. Principal Life's Third 1997 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal Revenue Service has failed and

refused to allow any portion of Principal Life's Third 1997 Amended Return/Claim for Refund.

17.3. The failure and refusal of the Internal Revenue Service to allow Principal Life's Third 1997 Amended Return/Claim for refund, and the deduction for net operating loss carryback referred to therein, were wrongful, erroneous, and illegal in the following particulars:

(a) Failure and refusal to allow amortization over an eight-year period of $17,750,000 paid by Principal in 1999 for cancellation of an executory contract of reinsurance with an unrelated party in order to assume full rights to certain indemnity health insurance contracts; or, in the alternative, to allow such amortization over a fifteen-year period.

(b) Failure and refusal to exclude from Principal's 2002 income guaranty fund assessments in the amount of $3,772,411.

(c) Determination that Principal's income for 2002 must include $11,099,533 for accrual of accretion in value with respect to Principal's interests in certain custodial share

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

receipts received by Plaintiff pursuant to custodial share agreements with regulated investment companies.

(d) Determination that Principal must include in its income $13,921,928 received by it as a distribution with respect to its investment in the entity known as Whistling Pines, LLC.

(e) Failure and refusal to allow amortization over 16-19 years of Principal's basis in certain perpetual securities following its disallowance of capital losses in 2000 and 2001 from Principal's sale of the stripped portion of such securities.

(f) Failure and refusal to allow a bad debt deduction of $914,068 with respect to a 1979 mortgage loan made by Principal on property in Atlanta, Georgia owned by Sun Laboratories, Inc., which, if it did not become worthless in 1999, 2000, or 2001, became worthless in 2002."

**c.** In Paragraph 18 thereof, by changing the phrase "Plaintiff's First and Second 1997 Amended Returns/Claims for Refund" to read

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

"Plaintiff's 1997 Amended Returns/Claims for Refund," and by deleting the phrase "in paragraph 17."

**d.** By deleting paragraph 19 as the same now appears and substituting in lieu thereof the following:

"In the alternative, Plaintiff states that the remittance made by it on January 13, 2005 referred to in paragraph 13 above was a deposit in the nature of a cash bond in accordance with Section 6603 of the Internal Revenue Code and Revenue Procedure 94-58, that Principal's application of such deposit on January 28, 2005 to payment of the taxes and penalties claimed by the Internal Revenue Service in its statutory notice of deficiency to be due for 1997 was predicated on the imminent legal assessment of such additional taxes and penalties for 1997 by the Internal Revenue Service, that the ultimate assessment, if any, of such taxes and penalties for 1997, and the deficiency interest relating thereto, made by the Internal Revenue Service was made illegally by virtue of having occurred after the expiration of the applicable statute of limitations, and that, accordingly, such payment made by Principal on January 28, 2005 constitutes an overpayment within the meaning of Section 6401(a)

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

and Principal is now entitled to have such overpayment refunded to it under Section 6402(a) of the Internal Revenue Code."

**e.** By deleting paragraph 25 as the same now appears and substituting in lieu thereof the following:

"On January 13, 2005, following issuance by the Internal Revenue Service of a statutory notice of deficiency in which the Service claimed Principal owed additional taxes for 1998 in the amount of $37,509,413 plus penalty in the amount of $7,491,744, Principal remitted to the Internal Revenue Service a deposit for 1998 in the total amount of $51,600,000. On January 28, 2005, Principal delivered a letter to the Internal Revenue Service requesting that it apply $51,304,163 of such deposit to the payment of the additional taxes and penalties claimed by the Internal Revenue Service in its statutory notice of deficiency to be due for 1998, plus interest thereon in the amount of $6,303,005. Such request by Principal on January 28, 2005 constituted a payment of tax or a payment in respect of a tax within the meaning of Section 6213(b)(4) of the Internal Revenue Code."

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

**f.** By deleting paragraph 32 as the same now appears and substituting in lieu thereof the following:

"In the alternative, Plaintiff states that the remittance made by it on January 13, 2005 referred to in paragraph 25 above was a deposit in the nature of cash bond in accordance with Section 6603 of the Internal Revenue Code and Revenue Procedure 94-58, that Principal's request on January 28, 2005 that such deposit be applied to payment of the taxes and penalties claimed by the Internal Revenue Service in its statutory notice of deficiency to be due for 1998 was predicated on the imminent legal assessment of such additional taxes and penalties for 1998 by the Internal Revenue Service, that the ultimate assessments, if any, of such taxes and penalties for 1998, and the deficiency interest relating thereto, made by the Internal Revenue Service were made illegally by virtue of having occurred after the expiration of the applicable statute of limitations, and that, accordingly, such payment made by Principal on January 28, 2005 constitutes an overpayment within the meaning of Section 6401(a) and Principal is now entitled to have such

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

overpayment refunded to it under Section 6402(a) of the Internal Revenue Code."

**No. 08-135T**
**(Taxable Years 1999-2000)**

**3.** Plaintiffs' Complaint in No. 08-135T is hereby amended as follows:

**a.** By deleting paragraph 13 as the same now appears and substituting in lieu thereof the following:

"On January 13, 2005, following issuance by the Internal Revenue Service of a statutory notice of deficiency in which the Service claimed Principal owed additional taxes for 1999 in the amount of $164,888,638 plus penalty in the amount of $10,848,700, Principal remitted to the Internal Revenue Service a deposit for 1999 in the total amount of $202,000,000. On January 28, 2005, Principal delivered a letter to the Internal Revenue Service requesting that it apply $200,096,059 of such deposit to the payment of the additional taxes and penalties claimed by the Internal Revenue Service in its statutory notice of deficiency to be due for 1999, plus interest thereon in the amount of $24,358,721. Such request by Principal on January 28, 2005 constituted a

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

payment of tax or a payment in respect of a tax within the meaning of Section 6213(b)(4) of the Internal Revenue Code."

**b.** By adding after Paragraph 19 thereof the following new paragraphs:

19.1. On or about February 12, 2008, in order to carry back a net capital loss from 2002, Principal Life timely filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a third Amended Return/Claim for Refund of 1999 income taxes ("Third 1999 Amended Return/Claim for Refund" or, together with the 1999 Amended Returns/Claims for Refund referred to in paragraphs 14 and 17, the "1999 Amended Returns/Claims for Refund"), seeking refund of federal income taxes and penalties paid for 1999 in the amount of $77,409,241, plus interest allowable by law. The name, address, and identification number appearing on such Third 1999 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
As Designated agent for Principal Mutual Holding Company
711 High Street
Des Moines, Iowa 50309-0350
Identification Number: 42-0127290

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

A copy of the relevant portion of such Third 1999 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a Supplement to Appendix I and by this reference is made a part hereof.

19.2. Principal Life's Third 1999 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal Revenue Service has failed and refused to allow any portion of Principal Life's Third 1999 Amended Return/Claim for Refund.

19.3. The failure and refusal of the Internal Revenue Service to allow Principal Life's Third 1999 Amended Return/Claim for refund, and the capital loss carryback referred to therein, were wrongful, erroneous, in the following particulars:

(a) Failure and refusal to allow a capital loss carryback to 1999 of $222,558,360 as a result of

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

Principal's transfer of certain depreciated securities to an entity known as Wind River Corporation in 2002.

(b) Failure and refusal to allow a capital loss carryback to 1999 of $61,811,454 as a result of Principal's sale of the Class A preferred stock of an entity known as Principal Investors Corporation to Deutsch Bank in 2002.

**c.** In Paragraph 20 thereof, by deleting the words "in paragraphs 16 and 19."

**d.** By deleting paragraph 21 as it now appears and substituting in lieu thereof the following:

"In the alternative, Plaintiff states that the remittance made by it on January 13, 2005 referred to in paragraph 13 above was a deposit in the nature of cash bond in accordance with Section 6603 of the Internal Revenue Code and Revenue Procedure 94-58, that Principal's request on January 28, 2005 that such deposit be applied to payment of the taxes and penalties claimed by the Internal Revenue Service in its statutory notice of deficiency to be due for 1999 was predicated on the imminent legal assessment of

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

such additional taxes and penalties for 1999 by the Internal Revenue Service, that the ultimate assessments, if any, of such taxes and penalties for 1999, and the deficiency interest relating thereto, made by the Internal Revenue Service were made illegally by virtue of having occurred after the expiration of the applicable statute of limitations, and that, accordingly, such payment made by Principal on January 28, 2005 constitutes an overpayment within the meaning of Section 6401(a) and Principal is now entitled to have such overpayment refunded to it under Section 6402(a) of the Internal Revenue Code."

**e.** By deleting paragraph 26 as the same now appears and substituting in lieu thereof the following:

"On January 13, 2005, following issuance by the Internal Revenue Service of a statutory notice of deficiency in which the Service claimed Principal owed additional taxes for 2000 in the amount of $128,727,605 plus penalty in the amount of $7,294,419, Principal remitted to the Internal Revenue Service a deposit for 2000 in the total amount of $153,300,000. On January 28, 2005, Principal delivered a letter to the Internal Revenue Service

requesting that it apply the entire amount of such deposit, together with other funds remitted by Principal, to the payment of the additional taxes and penalties claimed by the Internal Revenue Service in its statutory notice of deficiency to be due for 2000, plus interest thereon in the amount of $19,182,961. Such request by Principal on January 28, 2005 constituted a payment of tax or a payment in respect of a tax within the meaning of Section 6213(b)(4) of the Internal Revenue Code."

**f.** By adding after Paragraph 29 thereof the following new paragraphs:

29.1. On or about February 12, 2008, in order to carry back a net capital loss from 2003 and claim an alternative minimum tax credit carryforward from 1999, Principal Life timely filed with the Internal Revenue Service Center at Ogden, Utah 84201-0012, a second Amended Return/Claim for Refund of 2000 income taxes ("Second 2000 Amended Return/Claim for Refund" and, together with the 2000 Amended Return/Claim for Refund referred to in Paragraph 27, the "2000 Amended Returns/Claims for Refund"), seeking

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

refund of federal income taxes and penalties paid for 2000 in the amount of $11,375,436, plus interest allowable by law. The name, address, and identification number appearing on such Second 2000 Amended Return/Claim for Refund were as follows:

Principal Life Insurance Company
As Designated agent for Principal Mutual Holding Company
711 High Street
Des Moines, Iowa 50309-0350
Identification Number: 42-0127290

A copy of the relevant portion of such Second 2000 Amended Return/Claim for Refund, including those schedules and narratives relevant to this action, is filed herewith as a Supplement to Appendix II and by this reference is made a part hereof.

29.2. Principal Life's Second 2000 Amended Return/Claim for Refund has not been disallowed in whole or in part by the Internal Revenue Service and the Internal Revenue Service has failed and refused to allow any portion of Principal Life's Second 2000 Amended Return/Claim for Refund.

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

29.3. In the event the capital loss carryback items referred to in Paragraphs 19.3(a) and 19.3(b) are not allowed in the taxable year 1999, the failure and refusal of the Internal Revenue Service to allow Principal Life's Second 2000 Amended Return/Claim for refund were wrongful, erroneous, and illegal due in part to the failure and refusal of the Internal Revenue Service to allow such capital loss carryback items in 2000.

29.4. In the event the capital loss carryback item referred to in Paragraph 19.3(b) is not allowed in either the taxable year 1999 or 2000, the failure and refusal of the Internal Revenue Service to allow Principal Life's Second 2000 Amended Return/Claim for refund were wrongful, erroneous, and illegal due in part to the failure and refusal of the Internal Revenue Service to allow carryback to the taxable year 2000 of Principal Life's capital loss arising from the redemption in 2003 of the Class A preferred stock of Principal Investors Corporation deemed by the Internal Revenue Service to have been owned by Principal at the time of such redemption, and

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

to the failure and refusal of the Internal Revenue Service to exclude from Principal Life's capital gain for the year 2003 the sum of $5,070,938 which the Internal Revenue Service determined represented a dividend to Principal in excess of its basis in the stock of Principal Investors Corporation.

**g.** In paragraph 30 thereof, by changing the phrase "Principal's 2000 Amended Return/Claim for Refund" to read "Principal's 2000 Amended Returns/Claims for Refund," and by deleting the words "in paragraph 29."

**h.** By deleting paragraph 31 as it now appears and substituting in lieu thereof the following:

"In the alternative, Plaintiff states that the remittance made by it on January 13, 2005 referred to in paragraph 26 above was a deposit in the nature of cash bond in accordance with Section 6603 of the Internal Revenue Code and Revenue Procedure 94-58, that Principal's request on January 28, 2005 that such deposit be applied to payment of the taxes and penalties claimed by the Internal Revenue Service in its statutory notice of deficiency to be due for 2000 was predicated on the imminent legal assessment of such

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

additional taxes and penalties for 2000 by the Internal Revenue Service, that the ultimate assessments, if any, of such taxes and penalties for 2000, and the deficiency interest relating thereto, made by the Internal Revenue Service were made illegally by virtue of having occurred after the expiration of the applicable statute of limitations, and that, accordingly, such payment made by Principal on January 28, 2005 constitutes an overpayment within the meaning of Section 6401(a) and Principal is now entitled to have such overpayment refunded to it under Section 6402(a) of the Internal Revenue Code."

**ATTACHMENT 1 TO MOTION TO AMEND FILED SEPT. 3, 2008**

WHEREFORE, Principal renews its prayers for judgment against the Defendant in the amounts heretofore claimed.

Dated: September ____, 2008

____________________________________

Bruce Graves
Brown, Winick, Graves, Gross,
Baskerville and Schoenebaum, PLC
666 Grand Avenue, Suite 2000
Des Moines, IA 50309-2510
Telephone: 515/242-2400
Facsimile: 515/283-0231
Email: *graves@brownwinick.com*

ATTORNEY FOR PLAINTIFF,
PRINCIPAL LIFE INSURANCE
COMPANY

OF COUNSEL:
William C. Brown
John D. Schmidt