IN THE UNITED STATES COURT OF FEDERAL CLAIMS

Nos. 07-006 T, 07-706 T, 08-135 T, and 08-605 T
(Judge Francis M. Allegra)

PRINCIPAL LIFE INSURANCE COMPANY AND SUBSIDIARIES ET. AL.,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

ANSWER to AMENDMENTS TO COMPLAINTS [DOC. #34]
FILED IN FED. CL. NO. 07-006 T

For its answers to the amendments to complaints filed by plaintiffs in Doc. #34 in Fed. Cl. No. 07-006 T, defendant respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

### No. 07-006
### (Taxable Year 1996)

24.(1.a.) With respect to the allegations contained in the first sentence of paragraph 24, admits that, on January 13, 2005, following issuance by the IRS of a statutory notice of deficiency for taxable years 1996-2000 in which the IRS determined Principal owed additional taxes for 1996 in the amount of $8,806,758, plus penalty in the amount of $961,609, Principal remitted to the IRS $444,000,000 with the request that the remittance, "[i]n accordance with Section 6603 of the Internal Revenue Code and Section 4.01 of Revenue Procedure 84-58, . . . be treated as a deposit in the nature of a cash bond . . . .," and with the request that $11,000,000 of

such remittance, "[i]n accordance with Section 6603 of the Internal Revenue Code and Section 4.01 of Revenue Procedure 84-58, . . . be treated as a deposit in the nature of a cash bond . . . .," with respect to 1996; and states that the allegation that the remittance of $11,000,000 for 1996 was a "deposit" is a legal conclusion to which no response is required.  With respect to the allegations contained in the second sentence of paragraph 24, admits that, on January 28, 2005, Principal delivered a letter to the IRS regarding the January 13, 2005, remittance of $444,000,000, which letter read in part,

"In accordance with Section 3.02 and 3.03 of Revenue Procedure 2002-26, Principal and Principal Life Insurance Company hereby request that the Internal Revenue Service now (today) apply the deposit for each year to payment of the federal income tax, interest and penalty in the following amounts for each year in ascending order:

| Year | Tax | Penalty | Interest |
| --- | --- | --- | --- |
| 1996 | $8,806,758 | $961,609 | $2,032,704.38 |
| 1997 | $22,097,933 | $780,951 | $1,728,429.98 |
| 1998 | $37,509,413 | $7,491,744 | $6,303,004.87 |
| 1999 | $164,888,638 | $10,848,700 | $24,358,720.79 |
| 2000 | $128,727,605 | $7,294,419 | $19,182,961.25 |

Principal and Principal Life Insurance Company . . . ."; and states that the remaining allegations contained in the second sentence of paragraph 24 constitute plaintiffs' characterization of and legal argument about the contents of the January 28, 2005, letter, to which no response is required; states that the allegations contained in the third sentence of paragraph 24 constitute conclusions of law to which no response is required.

     29.(1.b.) States that the allegations contained in paragraph 29 are legal conclusions

and/or legal arguments to which no response is required.

<b><u>No. 07-706 T</u></b><br><b>(Taxable Years 1997 - 1998)</b>

13.(2.a.) With respect to the allegations contained in the first sentence of paragraph 13, admits that, on January 13, 2005, following issuance by the IRS of a statutory notice of deficiency for taxable years 1996-2000 in which the IRS determined Principal owed additional taxes for 1997 in the amount of $22,097,933, plus penalty in the amount of $780,951, Principal remitted to the IRS $444,000,000 with the request that the remittance, "[i]n accordance with Section 6603 of the Internal Revenue Code and Section 4.01 of Revenue Procedure 84-58, . . . be treated as a deposit in the nature of a cash bond . . . .," and with the request that $26,100,000 of such remittance, "[i]n accordance with Section 6603 of the Internal Revenue Code and Section 4.01 of Revenue Procedure 84-58, . . . be treated as a deposit in the nature of a cash bond . . . .," with respect to 1997; and states that the allegation that the remittance of $26,100,000 for 1997 was a "deposit" is a legal conclusion to which no response is required. With respect to the allegations contained in the second sentence of paragraph 13, admits that, on January 28, 2005, Principal delivered a letter to the IRS regarding the January 13, 2005, remittance of $444,000,000, which letter read in part,

"In accordance with Section 3.02 and 3.03 of Revenue Procedure 2002-26, Principal and Principal Life Insurance Company hereby request that the Internal Revenue Service now (today) apply the deposit for each year to payment of the federal income tax, interest and penalty in the following amounts for each year in ascending order:

| Year | Tax | Penalty | Interest |
| --- | --- | --- | --- |

| 1996 | $8,806,758 | $961,609 | $2,032,704.38 |
| 1997 | $22,097,933 | $780,951 | $1,728,429.98 |
| 1998 | $37,509,413 | $7,491,744 | $6,303,004.87 |
| 1999 | $164,888,638 | $10,848,700 | $24,358,720.79 |
| 2000 | $128,727,605 | $7,294,419 | $19,182,961.25 |

Principal and Principal Life Insurance Company . . . ."; and states that the remaining allegations contained in the second sentence of paragraph 13 constitute plaintiffs' characterization of and legal argument about the contents of the January 28, 2005, letter, to which no response is required; states that the allegations contained in the third sentence of paragraph 13 constitute conclusions of law to which no response is required.

  17.1.(2.b.) With respect to the allegations contained in the first sentence of paragraph 17.1., admits that, by February 19, 2008, Principal Life Insurance Company filed with the Internal Revenue Service Center at Ogden, Utah 84201, an amended return/claim for refund of 1997 income taxes dated February 12, 2008, seeking refund of federal income taxes paid for 1997 in the amount of $16,890,298, plus interest allowable by law, in which amended return Principal Life Insurance Company stated "[t]his amended return is being filed to carry back the NOL from 2002 . . . ."; denies that the 1997 refund claim dated February 12, 2008, sought a refund of penalties; states that the allegation regarding the "timely" filing of the refund claim is a conclusion of law to which no response is required; states that the allegation that the 1997 refund claim dated February 12, 2008, was "in order to carry back a net operating loss from 2002" constitutes plaintiffs' characterization of the claim to which no response is required; states that the allegations contained in parenthesis are merely labels for identification purposes, without legal effect; and states that it currently is without knowledge or information sufficient to form a

belief as to the remaining allegations contained in the first sentence of paragraph 17.1. Admits the allegations contained in the second sentence of paragraph 17.1. that the name, address, and identification number appearing on the 1997 refund claim dated February 12, 2008 were as stated in the complaint, except states that the zip code shown on the amended return was 50392-0350. Denies the allegations contained in the third sentence of paragraph 17.1., as no portion of any refund claim was filed with the amendments to the complaints [Doc. #34].

17.2.(2.b.) With respect to the allegations contained in paragraph 17.2., admits that Principal Life's 1997 amended return/claim for refund dated February 12, 2008, has not been disallowed in whole or in part by the IRS and that the IRS has not allowed any portion of such claim.

17.3.(2.b.) With respect to the allegations contained in paragraph 17.3., admits that the IRS has not allowed any portion of Principal Life's refund claim for 1997 dated February 12, 2008; states that the allegations regarding "failure and refusal" constitute legal argument to which no response is required; and denies that the actions of the IRS were wrongful, erroneous, or illegal.

(a)-(f) With respect to the allegations contained in paragraphs 17.3.(a)-17.3.(f), admits that the IRS has not allowed any portion of Principal Life's refund claim for 1997 dated February 12, 2008; denies each and every allegation of error; in the alternative, states that the allegations contained in paragraphs 17.3.(a)-17.3.(f) constitute legal conclusions, legal argument, and/or Principal Life's characterization of the claims set forth in Principal Life's refund claim for 1997 dated February 12, 2008, to which no response is required.

18.(2.c.) With respect to the allegations contained in paragraph 18, admits that the IRS

has not allowed portions of Principal Life's refund claim for 1997 dated June 27, 2003, and has not allowed Principal Life's refund claim for 1997 dated January 25, 2007, and has not allowed Principal Life's refund claim for 1997 dated February 12, 2008; states that the allegations contained in paragraph 18 regarding attribution are legal argument to which no response is required; and denies the remaining allegations contained in paragraph 18, including denies that plaintiff has overpaid taxes, penalty, and interest or that any amount is due and owing.

19.(2.d.) States that the allegations contained in paragraph 19 are legal conclusions and/or legal arguments to which no response is required.

25.(2.e.) With respect to the allegations contained in the first sentence of paragraph 25, admits that, on January 13, 2005, following issuance by the IRS of a statutory notice of deficiency for taxable years 1996-2000 in which the IRS determined Principal owed additional taxes for 1998 in the amount of $37,509,413, plus penalty in the amount of $7,491,744, Principal remitted to the IRS $444,000,000 with the request that the remittance, "[i]n accordance with Section 6603 of the Internal Revenue Code and Section 4.01 of Revenue Procedure 84-58, . . . be treated as a deposit in the nature of a cash bond . . . .," and with the request that $51,600,000 of such remittance, "[i]n accordance with Section 6603 of the Internal Revenue Code and Section 4.01 of Revenue Procedure 84-58, . . . be treated as a deposit in the nature of a cash bond . . . .," with respect to 1998; and states that the allegation that the remittance of $51,600,000 for 1998 was a "deposit" is a legal conclusion to which no response is required.  With respect to the allegations contained in the second sentence of paragraph 25, admits that, on January 28, 2005, Principal delivered a letter to the IRS regarding the January 13, 2005, remittance of $444,000,000, which letter read in part,

"In accordance with Section 3.02 and 3.03 of Revenue Procedure 2002-26, Principal and Principal Life Insurance Company hereby request that the Internal Revenue Service now (today) apply the deposit for each year to payment of the federal income tax, interest and penalty in the following amounts for each year in ascending order:

| Year | Tax | Penalty | Interest |
| --- | --- | --- | --- |
| 1996 | $8,806,758 | $961,609 | $2,032,704.38 |
| 1997 | $22,097,933 | $780,951 | $1,728,429.98 |
| 1998 | $37,509,413 | $7,491,744 | $6,303,004.87 |
| 1999 | $164,888,638 | $10,848,700 | $24,358,720.79 |
| 2000 | $128,727,605 | $7,294,419 | $19,182,961.25 |

Principal and Principal Life Insurance Company . . . ."; and states that the remaining allegations contained in the second sentence of paragraph 25 constitute plaintiffs' characterization of and legal argument about the contents of the January 28, 2005, letter, to which no response is required; states that the allegations contained in the third sentence of paragraph 25 constitute conclusions of law to which no response is required.

32.(2.f.) States that the allegations contained in paragraph 32 are legal conclusions and/or legal arguments to which no response is required.

### No. 08-135 T
### (Taxable Years 1999-2000)

13.(3.a.) With respect to the allegations contained in the first sentence of paragraph 13, admits that, on January 13, 2005, following issuance by the IRS of a statutory notice of deficiency for taxable years 1996-2000 in which the IRS determined Principal owed additional taxes for 1999 in the amount of $164,888,638, plus penalty in the amount of $10,848,700,

Principal remitted to the IRS $444,000,000 with the request that the remittance, "[i]n accordance with Section 6603 of the Internal Revenue Code and Section 4.01 of Revenue Procedure 84-58, . . . be treated as a deposit in the nature of a cash bond . . . .," and with the request that $202,000,000 of such remittance, "[i]n accordance with Section 6603 of the Internal Revenue Code and Section 4.01 of Revenue Procedure 84-58, . . . be treated as a deposit in the nature of a cash bond . . . .," with respect to 1999; and states that the allegation that the remittance of $202,000,000 for 1999 was a "deposit" is a legal conclusion to which no response is required. With respect to the allegations contained in the second sentence of paragraph 13, admits that, on January 28, 2005, Principal delivered a letter to the IRS regarding the January 13, 2005, remittance of $444,000,000, which letter read in part,

"In accordance with Section 3.02 and 3.03 of Revenue Procedure 2002-26, Principal and Principal Life Insurance Company hereby request that the Internal Revenue Service now (today) apply the deposit for each year to payment of the federal income tax, interest and penalty in the following amounts for each year in ascending order:

| Year | Tax | Penalty | Interest |
| --- | --- | --- | --- |
| 1996 | $8,806,758 | $961,609 | $2,032,704.38 |
| 1997 | $22,097,933 | $780,951 | $1,728,429.98 |
| 1998 | $37,509,413 | $7,491,744 | $6,303,004.87 |
| 1999 | $164,888,638 | $10,848,700 | $24,358,720.79 |
| 2000 | $128,727,605 | $7,294,419 | $19,182,961.25 |

Principal and Principal Life Insurance Company . . . ."; and states that the remaining allegations contained in the second sentence of paragraph 13 constitute plaintiffs' characterization of and legal argument about the contents of the January 28, 2005, letter, to which no response is

required; states that the allegations contained in the third sentence of paragraph 13 constitute conclusions of law to which no response is required.

  19.1.(3.b.) With respect to the allegations contained in the first sentence of paragraph 19.1., admits that, by February 20, 2008, Principal Life Insurance Company ("as Designated agent for Principal Mutual Holding Company") filed with the Internal Revenue Service Center at Ogden, Utah 84201, an amended return/claim for refund of 1999 income taxes dated February 12, 2008, seeking refund of federal income taxes paid for 1999 in the amount of $77,409,241, plus interest allowable by law, in which amended return Principal Life Insurance Company stated "[t]his form 1120-X is being filed to carryback a capital loss from 2002 . . . ."; denies that the 1999 refund claim dated February 12, 2008, sought a refund of penalties; states that the allegation regarding the "timely" filing of the refund claim is a conclusion of law to which no response is required; states that the allegation that the 1999 refund claim dated February 12, 2008, was "in order to carry back a net capital loss from 2002" constitutes plaintiffs' characterization of the claim to which no response is required; states that the allegations contained in parenthesis are merely labels for identification purposes, without legal effect; and states that it currently is without knowledge or information sufficient to form a belief as to the remaining allegations contained in the first sentence of paragraph 19.1. Admits the allegations contained in the second sentence of paragraph 19.1. that the name, address, and identification number appearing on the 1999 refund claim dated February 12, 2008 were as stated in the complaint, except states that the zip code shown on the amended return was 50392-0350. Denies the allegations contained in the third sentence of paragraph 19.1., as no portion of any refund claim was filed with the amendments to the complaints [Doc. #34].

19.2.(3.b.) With respect to the allegations contained in paragraph 19.2., admits that Principal Life's 1999 amended return/claim for refund dated February 12, 2008, has not been disallowed in whole or in part by the IRS and that the IRS has not allowed any portion of such claim.

19.3.(3.b.) With respect to the allegations contained in paragraph 19.3., admits that the IRS has not allowed any portion of Principal Life's refund claim for 1999 dated February 12, 2008; states that the allegations regarding "failure and refusal" constitute legal argument to which no response is required; and denies that the actions of the IRS were wrongful, erroneous, or illegal.

(a)-(b) With respect to the allegations contained in paragraphs 19.3.(a)-19.3.(b), admits that the IRS has not allowed any portion of Principal Life's refund claim for 1999 dated February 12, 2008; denies each and every allegation of error; in the alternative, states that the allegations contained in paragraphs 19.3.(a)-19.3.(b) constitute legal conclusions, legal argument, and/or Principal Life's characterization of the claims set forth in Principal Life's refund claim for 1999 dated February 12, 2008, to which no response is required.

20.(3.c.) Admits the allegations contained in paragraph 20 that the IRS has not allowed any portion of Principal's amended return for 1999 dated January 25, 2007, and has not allowed any portion of Principal's second amended return for 1999 dated January 25, 2007, and has not allowed any portion of Principal Life's refund claim for 1999 dated February 12, 2008; states that the allegations contained in paragraph 20 regarding attribution and "failure and refusal" are legal argument to which no response is required; and denies the remaining allegations contained in paragraph 20, including denies that Principal has overpaid taxes, penalty, and interest or that

any amount is due and owing.

21.(3.d.) States that the allegations contained in paragraph 21 are legal conclusions and/or legal arguments to which no response is required.

26.(3.e.) With respect to the allegations contained in the first sentence of paragraph 26, admits that, on January 13, 2005, following issuance by the IRS of a statutory notice of deficiency for taxable years 1996-2000 in which the IRS determined Principal owed additional taxes for 2000 in the amount of $128,727,605, plus penalty in the amount of $7,294,419, Principal remitted to the IRS $444,000,000 with the request that the remittance, "[i]n accordance with Section 6603 of the Internal Revenue Code and Section 4.01 of Revenue Procedure 84-58, . . . be treated as a deposit in the nature of a cash bond . . . .," and with the request that $153,300,000 of such remittance, "[i]n accordance with Section 6603 of the Internal Revenue Code and Section 4.01 of Revenue Procedure 84-58, . . . be treated as a deposit in the nature of a cash bond . . . .," with respect to 2000; and states that the allegation that the remittance of $153,300,000 for 2000 was a "deposit" is a legal conclusion to which no response is required. With respect to the allegations contained in the second sentence of paragraph 26, admits that, on January 28, 2005, Principal delivered a letter to the IRS regarding the January 13, 2005, remittance of $444,000,000, which letter read in part,
"In accordance with Section 3.02 and 3.03 of Revenue Procedure 2002-26, Principal and Principal Life Insurance Company hereby request that the Internal Revenue Service now (today) apply the deposit for each year to payment of the federal income tax, interest and penalty in the following amounts for each year in ascending order:

| Year | Tax | Penalty | Interest |
|---|---|---|---|
| 1996 | $8,806,758 | $961,609 | $2,032,704.38 |
| 1997 | $22,097,933 | $780,951 | $1,728,429.98 |
| 1998 | $37,509,413 | $7,491,744 | $6,303,004.87 |
| 1999 | $164,888,638 | $10,848,700 | $24,358,720.79 |
| 2000 | $128,727,605 | $7,294,419 | $19,182,961.25 |

Principal and Principal Life Insurance Company . . . ."; and states that the remaining allegations contained in the second sentence of paragraph 26 constitute plaintiffs' characterization of and legal argument about the contents of the January 28, 2005, letter, to which no response is required; states that the allegations contained in the third sentence of paragraph 26 constitute conclusions of law to which no response is required.

     29.1.(3.f.) With respect to the allegations contained in the first sentence of paragraph 29.1., admits that, by February 20, 2008, Principal Life Insurance Company ("as Designated Agent for Principal Mutual Holding Company") filed with the Internal Revenue Service Center at Ogden, Utah 84201, an amended return/claim for refund of 2000 income taxes dated February 12, 2008, seeking refund of federal income taxes paid for 2000 in the amount of $11,375,436, plus interest allowable by law, in which amended return Principal Life Insurance Company stated "[t]his amended return is being filed to report an AMT credit carried forward from 1999. . . . Also attached is a protective claim for additional capital loss carrybacks from 2003."; denies that the 2000 refund claim dated February 12, 2008, sought a refund of penalties; states that the allegation regarding the "timely" filing of the refund claim is a conclusion of law to which no response is required; states that the allegation that the 2000 refund claim dated February 12, 2008, was "in order to carry back a net capital loss from 2003 and claim an alternative minimum

tax credit" constitutes plaintiffs' characterization of the claim to which no response is required; states that the allegations contained in parenthesis are merely labels for identification purposes, without legal effect; and states that it currently is without knowledge or information sufficient to form a belief as to the remaining allegations contained in the first sentence of paragraph 29.1. Admits the allegations contained in the second sentence of paragraph 29.1. that the name, address, and identification number appearing on the 2000 refund claim dated February 12, 2008 were as stated in the complaint, except states that the zip code shown on the amended return was 50392-0350. Denies the allegations contained in the third sentence of paragraph 29.1., as no portion of any refund claim was filed with the amendments to the complaints [Doc. #34].

29.2.(3.f.) With respect to the allegations contained in paragraph 29.2., admits that Principal Life's 2000 amended return/claim for refund dated February 12, 2008, has not been disallowed in whole or in part by the IRS and that the IRS has not allowed any portion of such claim.

29.3.(3.f.) With respect to the allegations contained in paragraph 29.3., admits that the IRS has not allowed any portion of Principal Life's refund claim for 2000 dated February 12, 2008; states that the allegations regarding "[i]n the event . . ." and "failure and refusal" constitute legal argument to which no response is required; and denies that the actions of the IRS were wrongful, erroneous, or illegal.

29.4.(3.f.) With respect to the allegations contained in paragraph 29.4., admits that the IRS has not allowed any portion of Principal Life's refund claim for 2000 dated February 12, 2008; denies each and every allegation of error; in the alternative, states that the allegations contained in paragraph 29.4. constitute legal conclusions, legal argument, and/or Principal's

characterization of the claims set forth in Principal Life's refund claim for 2000 dated February 12, 2008, to which no response is required.

30.(3.g.) Admits the allegations contained in paragraph 30 that the IRS has not allowed any portion of Principal's amended return for 2000 dated January 25, 2007, and has not allowed any portion of Principal Life's refund claim for 2000 dated February 12, 2008; states that the allegations contained in paragraph 30 regarding attribution and "failure and refusal" are legal argument to which no response is required; and denies the remaining allegations contained in paragraph 30, including denies that Principal has overpaid taxes, penalty, and interest or that any amount is due and owing.

31.(3.h.) States that the allegations contained in paragraph 31 are legal conclusions and/or legal arguments to which no response is required.

Wherefore, defendant renews herein its additional defenses as stated in prior responses to pleadings, *see Answer* [Doc. #26], Fed. Cl. No. 07-06 ¶¶ 43-47, 49; *Answer* [Doc. #13], Fed. Cl. No. 07-706 ¶¶ 33-37, 39; *Answer* [Doc. #10], Fed. Cl. No. 07-06 ¶¶ 28-30, 40; *Answer to First Amendment to Complaint* [Doc. #21], Fed. Cl. No. 07-06 ¶¶ 30-34, with the exception of a jurisdictional defense predicated on the two-year period of limitation set forth in 26 U.S.C. § 6511(a), and states that plaintiffs' complaints and amendments thereto should be dismissed, with costs assessed against the plaintiffs.

>Respectfully submitted,
>
> s/ *Bart D. Jeffress*
>BART D. JEFFRESS
>  Attorney of Record
>  U.S. Department of Justice
>  Tax Division
>  Court of Federal Claims Section
>  Post Office Box 26
>  Ben Franklin Post Office
>  Washington, D.C.  20044
>  (202) 307-6496
>
>NATHAN J. HOCHMAN
>  Assistant Attorney General
>STEVEN I. FRAHM
>  Chief, Court of Federal Claims Section
>
> s/ *Steven I. Frahm*
>Of Counsel

December 23, 2008