# In The United States Court of Federal Claims

Nos. 07-06T, 07-706T, 08-135T, & 08-605T

(Filed:  September 26, 2011)

_____

PRINCIPAL LIFE INSURANCE OMPANY
AND SUBSIDIARIES, *et al.*,

                Plaintiffs,

v.

THE UNITED STATES,

                Defendant.

_____

### PROTECTIVE ORDER REGARDING NON-PARTY MORGAN STANLEY

_____

While recognizing the "vital public interest in open judicial proceedings," 28 C.F.R. §50.9, the court finds good cause to enter the following protective order.  In order to protect certain information that non-party Morgan Stanley and/or its affiliates[1] and their current or former employees (collectively, "Morgan Stanley") may be required to produce during the course of this action, it is hereby ORDERED that:

1.     This Protective Order shall apply to any agents, attorneys, experts, consultants, employees, parent companies, subsidiaries, officers, directors and employees of the parties, including but not limited to employees of the attorneys' firms and personnel of an office, board, division, or bureau of the Department of Justice (the "Department"), clerical personnel and supervisory personnel of the Department, officers and employees of the Internal Revenue Service, and officers and employees of any other federal agency working under the direction and control of the Department of Justice.

---

[1] "Affiliates" means Morgan Stanley & Co. LLC (f/n/a Morgan Stanley & Co. Incorporated), Morgan Stanley Credit Products Ltd., Morgan Stanley & Co. International plc (f/n/a Morgan Stanley & Co. International Ltd.), and Morgan Stanley Capital Services, Inc.

2.      This Protective Order, and the restrictions and limitations contained in it, shall apply only to: (i) documents (including all copies, excerpts and summaries thereof) produced by Morgan Stanley after March 25, 2011 in connection with the third party document subpoenas served or to be served on Morgan Stanley in connection with the above referenced suit (thus, no documents produced on or prior to that date are within the scope of this Protective Order); (ii) deposition testimony provided by Morgan Stanley in connection with the third party deposition subpoenas served or to be served on Morgan Stanley in connection with the above referenced suit; and (iii) Electronically Stored Information (ESI) produced by Morgan Stanley referred to in paragraph 5 below.  Printed reproduction of ESI shall constitute "documents" within the meaning of this Protective Order.

3.      Morgan Stanley may designate material as confidential only when the material falls within the protections of Rule 26(c)(1)(G) of the Rules of the United States Court of Federal Claims.  Unless otherwise stated in this Protective Order, a letter setting forth Morgan Stanley's good faith basis for designating documents as confidential must be sent to all of the parties prior to, or contemporaneously with, the production or disclosure of the documents.  Similarly, unless otherwise stated in this Protective Order, a letter setting forth Morgan Stanley's good faith basis for designating deposition testimony as confidential must be sent to all of the parties within two weeks after the deposition.  Any dispute regarding the confidential nature of particular material (documents or testimony) shall not serve as the basis for refusing to produce or provide that particular material.

4.      All copies, duplicates, extracts, summaries, or descriptions (hereinafter referred to collectively as "copies") of documents or testimony designated as confidential under this Order, or any portion thereof, must be immediately affixed with the words: "CONFIDENTIAL: Subject to Protective Order in *Principal Life Insurance Company and Subsidiaries et. al. v. United States*, Fed. Cl. Nos. 07-06, 07-706, 08-135, & 08-605".

5.      ESI may be designated as confidential. The physically produced storage device containing confidential ESI, as well as the individual ESI files contained in such storage device, that are designated as confidential by Morgan Stanley must be immediately affixed with the words: "CONFIDENTIAL: Subject to Protective Order in *Principal Life Insurance Company and Subsidiaries et. al. v. United States*, Fed. Cl. Nos. 07-06, 07-706, 08-135, & 08-605".

6.      If a document marked confidential (by Morgan Stanley) is introduced during a deposition, or, if any deposition testimony is given (by Morgan Stanley) that discloses any confidential information within the protections of RCFC 26(c)(1)(G), the portion of the deposition regarding the confidential document or information may be designated confidential, if such designation is made on the record at the time of the deposition or within seven days thereafter (and until the expiration of that seven-day period the entire transcript of Morgan Stanley depositions shall be treated as confidential) or, if Morgan

Stanley is not present at the deposition, by written notice within seven days after Morgan Stanley is provided with a copy of the transcript of that portion of the deposition. The portions of the transcript designated as confidential shall be affixed with the words: "CONFIDENTIAL: Subject to Protective Order in *Principal Life Insurance Company and Subsidiaries et. al. v. United States*, Fed. Cl. Nos. 07-06, 07-706, 08-135, & 08-605". If any party uses documents or testimony designated confidential by Morgan Stanley during a deposition not attended by Morgan Stanley, the portion of the deposition regarding the confidential document or information shall be treated as confidential until seven days after Morgan Stanley is provided with a copy of the transcript of that portion of the deposition, and shall continue to be treated as confidential thereafter if, within that seven day period, Morgan Stanley designates the portion as confidential.

7.     Except as otherwise provided in this Protective Order, deposition testimony or documents provided or produced by Morgan Stanley shall not be used or disclosed by the parties or their counsel or any persons identified in Paragraph 10 of this Protective Order for any purposes whatsoever other than preparing for and conducting the litigation in this lawsuit (including any appeals).

8.     This Protective Order does not limit, restrict, or apply to the filing of material with the court or the use of material during a public hearing or trial. Thus, for example, the parties may file material designated confidential by Morgan Stanley in connection with the prosecution or defense of this action (including, but not limited to, filing the material in support of motions (including summary judgment motions) and oppositions). Similarly, for example, the parties may use material designated confidential by Morgan Stanley during a public hearing or at trial (including, but not limited to, all uses associated with offering material into evidence or eliciting/offering testimony at trial or on appeal).

9.     Pursuant to this order, a document containing protected information may be filed electronically under the court's electronic case filing system using the appropriate activity listed in the "SEALED" documents menu. If filed in paper form, a document containing protected information must be so identified in the manner prescribed in paragraph 4. After filing a document containing protected information, a party must promptly serve on the other parties and Morgan Stanley a proposed redacted version marked "Proposed Redacted Version" in the upper right-hand corner of the first page with the claimed protected information deleted. If Morgan Stanley seeks to include additional redactions, it must advise the filing party of its proposed redactions within two (2) business days after receipt of the proposed redacted version. At the expiration of this two-day period, or after an agreement between the parties and Morgan Stanley has been reached regarding additional redactions, the filing party must file with the court the final redacted version of the document clearly marked "Redacted Version" in the upper right-hand corner of the first page. This document will be available to the public.

10.    The parties and counsel for the parties shall not disclose or permit the disclosure of any documents or information designated as confidential under this Protective Order to any

- 3 -

other person or entity, except that disclosures may be made in the following circumstances:

(i)      Disclosure may be made to the parties, employees of the parties, counsel for the parties, and employees of counsel for the parties, or to employees of the parties to properly accomplish any purpose or activity described in 26 U.S.C. §§ 6103(h) or (k) and the regulations thereunder, which is appropriate in handling this case. Any such person to whom counsel for the parties makes a disclosure must be advised of, and become subject to, the provisions of this Protective Order requiring that the documents and information be held in confidence.

(ii)     Disclosures may be made to the Court and its personnel.

(iii)    Disclosure may be made to court reporters engaged for depositions and those persons, if any, specifically engaged for the limited purpose of processing, storing, transmitting, or reproducing the documents or information designated as confidential in this case.

(iv)     Disclosure may be made to:

    (a)     any independent outside experts or consultants retained by the parties or their counsel for purposes of this litigation;

    (b)     employees and subcontractors of the independent outside experts or consultants retained by the parties or by their counsel for purposes of this litigation in paraprofessional, clerical, stenographic and ministerial positions;

(v)      Disclosures may be made to any fact witnesses or potential fact witnesses when a good faith determination is made that the documents or information would be relevant to their testimony or potential testimony.  Such witnesses shall be informed of this Protective Order, that it applies to them, and be given a copy of the Order if requested.

11.     Except as provided otherwise in this Protective Order, counsel for the parties shall keep all documents designated as confidential which are received under this Protective Order secure within their exclusive possession and must place such documents in a secure area.

12.     No information or material designated as confidential shall be disclosed to any expert or consultant described in subparagraph (iv)(a) of paragraph 10 above until such time as such person executes a copy of the Confidentiality Agreement in the form annexed hereto as Exhibit A agreeing to be bound by the terms of this Protective Order.  The parties shall retain all copies of the Confidentiality Agreement/s executed by any such person until this action is resolved, at which time, upon request, the parties or their attorneys and

Morgan Stanley will exchange all the Confidentiality Agreement/s executed in this action.

13.     Nothing in this Protective Order limits the right of Morgan Stanley or any party to seek any protection it deems necessary for any documents or information, in accordance with Rule 26 of the Rules of the United States Court of Federal Claims.

14.     Any party may serve a written objection to any designation of confidentiality made by Morgan Stanley.  This notice shall specifically identify the material or information to which the objecting party wishes to have the designation removed and state with specificity the reasons for the objection.  Within fourteen (14) days of receipt of such objection, Morgan Stanley (i) shall review the material to which the objection applies, (ii) notify the objecting party in writing whether Morgan Stanley will agree to remove the designation as requested, and (iii) if Morgan Stanley will not agree to remove the designation, Morgan Stanley will state with specificity its reasons for not agreeing. If an agreement cannot be reached, Morgan Stanley may move for a ruling from the Court, designating the material as confidential or for other similar protection, within fourteen (14) days of the expiration of the fourteen (14) day period referenced above.  The material at issue will be treated as confidential until the Court decides the motion. If the parties disagree about whether the information is confidential and Morgan Stanley does not timely move the Court, then the information is deemed to be not confidential.

15.     Nothing in this Protective Order shall prevent disclosure of any confidential information if Morgan Stanley consents in writing to the disclosure.

16.     Notwithstanding any provision of this Protective Order, where counsel believe confidential information or documents, either on its face or in conjunction with other information, indicates a violation or potential violation of law - criminal, civil, or regulatory in nature - the relevant information or documents may be disclosed to the appropriate federal, state, local, foreign, or tribal, law enforcement authority or other appropriate agency charged with the responsibility of investigating or prosecuting such a violation or enforcing or implementing such law.  Any information so disclosed is not subject to the terms of this Protective Order.

17.     Notwithstanding any provision of this Protective Order, the parties may disclose confidential information or documents if necessary to comply with a subpoena or court order, whether or not originating with the Court that has issued this Protective Order.  Within seven days of when it is recognized that disclosure of confidential information or documents is required to comply with a subpoena or court order, the party shall give prompt written notice to Morgan Stanley of the impending disclosure, unless otherwise prohibited by law.

18.     At the conclusion of this litigation (including any appeals) all material designated confidential pursuant to paragraph 3 above (and from which the designation has not been

withdrawn by Morgan Stanley expressly or by operation of the final sentence of paragraph 14 above, or overruled by the Court) shall either be destroyed or returned to Morgan Stanley, within sixty (60) days after the conclusion of the litigation, except with respect to:  (i) material that becomes part of the Court record in this matter; (ii) work product of counsel, and (iii) transcripts, exhibits, and other documents required to be maintained by the Department's written record retention policy as necessary for an understanding of the outcome of the case, provided that all such designated material is maintained in accordance with the provisions of this Protective Order.

19.    This Protective Order may be modified or amended only by order of this Court.

    **IT IS SO ORDERED.**


    s/ Francis M. Allegra_____
    Francis M. Allegra
    Judge

**EXHIBIT A**

# In The United States Court of Federal Claims

Nos. 07-06T, 07-706T, 08-135T, & 08-605T

_____

PRINCIPAL LIFE INSURANCE COMPANY
AND SUBSIDIARIES, *et al.*,

Plaintiffs,

v.

THE UNITED STATES,

Defendant.

**CONFIDENTIALITY AGREEMENT**

_____

I have received and read all the terms of the Protective Order dated September 26, 2011, in the action captioned *Principal Life Insurance Company and Subsidiaries et. al. v. United States*, Fed. Cl. Nos. 07-06, 07-706, 08-135, & 08-605, and understand and hereby agree to be bound by all the terms thereof with respect to the use and disclosure of information and materials designated as "CONFIDENTIAL." I further expressly agree that I will not in any way use, disclose, discuss, summarize, reveal or refer to any information or material designated "CONFIDENTIAL" for any purpose whatsoever other than as permitted in the terms of the Protective Order, unless the Court hereafter alters the Protective Order or its applicability to me. All persons (e.g. principals, associates, employees, subcontractors) who, at my direction, assist me on this matter will comply with all terms in this confidentiality agreement.

_____

Signature                                        Date

_____

Print Name and, if an entity, Address and Phone Number of Company or Firm

- 7 -